687 P.2d 1269

Seabrook W. WOODWARD, Jr., and Susan Woodward, husband and wife, Plaintiffs/Appellants,

v.

CHIRCO CONSTRUCTION CO., INC., an Arizona corporation, Defendant/Appellee.

No. 17420–PR.

Supreme Court of Arizona, In Banc.

Sept. 18, 1984.

Philip Jones, Tucson, for plaintiffs/appellants.

Bury & Moeller by David C. Bury, Tucson, for defendant/appellee.

GORDON, Vice Chief Justice:

On March 1, 1971, plaintiffs-appellants Seabrook and Susan Woodward entered into a contract with defendant-appellee Chirco Construction Co., Inc. for the construction and purchase of a residence. The closing occurred on April 23, 1971. During the first year of occupancy, the Woodwards noticed cracking in the outer walls, misalignment of doors, and warping of floor tile. Chirco repaired these items in June of 1972.

In December of 1974, the Woodwards discovered a large crack in the concrete slab beneath the tile floor in the foyer of the residence. The crack was one inch wide in places and ran from the northern end to the southern end of the home. One could touch the soil beneath the house by placing a coat hanger in the crack. Thereafter, additional cracks formed, the fireplace separated from the wall, the wall in the family room shifted forward, the kitchen ceiling began to bow, and the floor warped. Though Chirco reinforced the foundation on each side of the home in 1975, the damage continued. Chirco made no further attempts to repair.

In May of 1976, the Woodwards sued Chirco. They claimed Chirco had been negligent in failing to perform a soil analysis prior to construction and that Chirco had breached its implied warranty of workmanlike performance and habitability. Both claims were dismissed by the trial court. The Court of Appeals affirmed dismissal of the negligence claim but reversed with respect to the claim based on the implied warranty. It held that dismissal of the implied warranty claim was improper because it was an action for debt founded upon a contract in writing and the six-year statute of limitation of A.R.S. § 12–548 had not expired. *Woodward v. Chirco Construction Co.*, 141 Ariz. 520, 687 P.2d 1275 (1984). We accepted review of this case to expressly approve the Court of Appeals' legal reasoning and to address Chirco's claim that the Court of Appeals' decision is at odds with our decision in *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 678 P.2d 427 (1984).

In *Richards*, we held that the implied warranty of habitability and workmanlike performance "is imposed by law." 139 Ariz. at 244, 678 P.2d at 429. Chirco argues that because the warranty is imposed by law, it does not arise out of the contract for purchase of the residence and that even if it did arise out of the contract it creates a cause of action in tort only. Chirco urges this Court to adopt the reasoning of *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 378–79, 433 N.E.2d 147, 150 (1982), in which the court held:

> "The obligation to perform in a workmanlike manner using ordinary care may arise from or out of a contract, i.e., from the purchase agreement, but the cause of action is not based on contract; rather it is based on *a duty imposed by law.*" (Emphasis in original.)

We decline to do so. Instead, we agree with those jurisdictions that have held that injury incurred due to negligent construction of a residence may give rise to an action for breach of the implied warranty of workmanlike performance and habitability and an action for breach of the contractor's common law duty of care. *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo.1983); *Cline v. Sawyer*, 600 P.2d 725 (Wyo.1979), appeal after remand, 618 P.2d 144 (1980); *Tavares v. Horstman*, 542 P.2d 1275 (Wyo.1975). *See McFeeters v. Renollet*, 210 Kan. 158, 500 P.2d 47 (1972); *Gilley v. Farmer*, 207 Kan. 536, 485 P.2d 1284

(1971); *Ferguson v. Town Pump, Inc.*, 177 Mont. 122, 580 P.2d 915 (1978). We believe this view fosters the policy considerations behind recognition of the warranty as discussed in *Columbia Western Corp. v. Vela*, 122 Ariz. 28, 592 P.2d 1294 (App. 1979) and *Richards, supra*. We see no reason to preclude a purchaser from claiming damages in contract and in tort. The purchaser of a home can seek to recover in contract for defects in the structure itself as such defects render the home less than the purchaser bargained for. *See Duncan v. Schuster-Graham Homes, Inc.*, 194 Colo. 441, 446, 578 P.2d 637, 640 (1978) ("[W]here the plaintiff seeks only to receive what the builder promised to deliver, or damages to compensate him for [structural] deficiencies in the final product, [the action] arises from the contract of sale between the parties and is basically contractual in nature."). The purchaser can also seek to recover in tort for injuries sustained due to the contractor's failure to construct the home as a reasonable contractor would. For example, if a fireplace collapses, the purchaser can sue in contract for the cost of remedying the structural defects and sue in tort for damage to personal property or personal injury caused by the collapse. Each claim will stand or fail on its own; a distinct statute of limitation applies to each. *See* Annot., 12 A.L.R.4th 866 (1982) (discussing application of contract and tort statutes of limitation in actions by purchasers or contractees against vendors or contractors for defects in houses or other buildings caused by soil instability).

■ The fact that the same proof may be necessary to warrant relief on each claim does not justify precluding a purchaser-contractee from seeking relief based on both. As the Colorado Supreme Court has held:

"Some overlap in elements of proof of such actions may occur, but the scope of duty differs and the basis for liability is distinguishable. The implied warranty of habitability and fitness arises from the contractual relation between the builder and the purchaser. Proof of a defect due to improper construction, design or preparation is sufficient to establish liability in the builder-vendor. Negligence, however, requires that a builder or contractor be held to a standard of reasonable care in the conduct of its duties to the foreseeable users of the property. [citations omitted.] Negligence in tort must establish defects in workmanship, supervision, or design as a responsibility of the individual defendant. Proof of defect alone is not enough to establish the claim."

*Cosmopolitan*, 663 P.2d at 1045.

■ Our statement in *Richards, supra*, that the implied warranty of workmanlike performance and habitability "is imposed by law" was not meant to transform the duty arising out of the contract into one based on tort principles alone; instead, it was meant to inform buyers and sellers that the law imputes the warranty into the contract for the construction and sale of the residence. We then held that the warranty runs to subsequent purchasers of the residence. If the warranty did not arise out of the contract and provide for a cause of action in contract, we would have had no cause to be concerned about the absence of privity between Richards and Powercraft Homes, Inc. It is the fact that the implied warranty at issue here provides for a cause of action in contract that calls into question the relevance of privity. Since the cause of action based on the implied warranty of workmanlike performance and habitability was based on the contract between the Woodwards and Chirco, the Court of Appeals properly concluded that the six-year statute of limitations should apply. The Court of Appeals' opinion is approved as supplemented by this opinion. The trial court's dismissal of the claim based on the implied warranty is reversed, and the case is remanded to that court for further proceedings.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.