784 P.2d 705

**INSURANCE COMPANY OF NORTH AMERICA, d/b/a INA Insurance, a Delaware Corporation, Petitioner/Cross–Real Party In Interest/Cross–Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF SANTA CRUZ; Honorable Roberto C. Montiel, a Judge thereof, Respondents,**

and

**Ernesto VILLAGRANA, an unmarried man; Clyde Swaringen and Jane Doe Swaringen, husband and wife, Real Parties in Interest/Cross–Petitioners/Cross–Real Parties in Interest.**

No. 2 CA–SA 89–0054.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 5, 1989.

Petition for Review Granted in Part and Denied in Part Jan. 9, 1990.

Cross–Petition for Review Granted Jan. 9, 1990.

Murphy, Goering, Roberts & Holt, P.C. by Michael F. McNamara, Tucson, for petitioner/cross-real party in interest/cross-petitioner.

Busby, McCracken & Bell, P.C. by James G. Busby, Tucson, for real parties in interest/cross-petitioners/cross-real parties in interest.

## OPINION

HATHAWAY, Judge.

The petition and "counter-petitions" for special action in this case were taken from the orders of the trial court granting and denying summary judgment in response to motions filed by both parties. Because our disposition will serve to terminate this litigation, we accept jurisdiction and grant relief on the petition of defendant Insurance Company of North America (INA). *Wingate v. Gin*, 148 Ariz. 289, 714 P.2d 459 (App.1985); *Church of Jesus Christ of Latter Day Saints v. Superior Court*, 148 Ariz. 261, 714 P.2d 431 (App.1985).

Plaintiff/real party in interest Ernesto Villagrana purchased an INA automobile insurance policy through Clyde Swaringen, an independent insurance agent, on December 21, 1983. The policy provided $100,000 single limit coverage for bodily injury and property damage, and $30,000 single limit uninsured motorist coverage. On March 16, 1984, Villagrana was injured in an accident with several uninsured motorists. He made a claim on his insurance policy and ultimately was paid $30,000 pursuant to a settlement release and trust agreement executed in January of 1985. Villagrana was represented by counsel during the negotiation and settlement of this claim.

On April 20, 1988, Villagrana filed suit against INA and Swaringen, alleging in three counts negligence, negligent breach of a statutory duty and breach of contract. The factual basis for all three counts was Villagrana's claim that Swaringen and INA had failed to comply with the requirements of A.R.S. § 20–259.01(B), which provides in pertinent part:

B. Every insurer writing automobile liability or motor vehicle liability policies ... shall also make available to the named insured thereunder and by written notice offer the insured and at the request of the insured shall include within the policy uninsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained in the policy....

Villagrana alleged that, at the time his policy was issued, no written offer was made to provide uninsured motorist coverage in the amount of his liability coverage ($100,000), and that he was damaged by the defendants' failure to comply with the statute.

Villagrana then filed a motion for partial summary judgment as to liability on counts two and three, which the trial court denied. INA filed a counter-motion seeking judgment on the entire complaint on the ground that all three counts were based on a liability created by statute and were therefore barred by the expiration of the one-year statute of limitations. A.R.S. § 12–541(3). The trial court granted the motion as to

count two (negligent breach of statutory duty) but denied it as to the other counts.

INA sought special action relief in this court, contending that the trial court acted without or in excess of its authority in denying its summary judgment motion as to counts one and three. Villagrana filed a "counter-petition," challenging the grant of summary judgment on count two and seeking affirmative relief on his motion as to liability on counts two and three. INA has also filed a "counter-petition," arguing that it is entitled to judgment on liability as a matter of law. Because of our disposition of INA's petition and Villagrana's counter-petition, we need not address the issues raised in INA's counter-petition.

INA contends in essence that, regardless of the label attached to the various counts in Villagrana's complaint, his basic claim is that the defendants failed to comply with the duty created by § 20–259.01(B) to give Villagrana written notice of the availability of additional uninsured motorist coverage at the time the liability policy was issued. This duty, INA argues, is purely statutory, and its breach gives rise, therefore, solely to a liability created by statute. Because Villagrana's suit was not filed within one year after it accrued, it concludes, it must be dismissed. While we agree that the trial court erred in refusing to grant INA's motion, we do not entirely agree with INA's reasoning.

■ In order for the one-year statute of limitations to apply, the applicable statute must either create a cause of action which did not exist at common law or alter the elements of a common law action. *See, e.g., Murdock v. Balle,* 144 Ariz. 136, 696 P.2d 230 (App.1985); *Day v. Schenectady Discount Corp.,* 125 Ariz. 564, 611 P.2d 568 (App.1980); *Murry v. Western American Mortgage Co.,* 124 Ariz. 387, 604 P.2d 651 (App.1979). Count one of Villagrana's complaint sets forth a claim in common law negligence. Villagrana alleges that

SWARINGEN held himself out to the Plaintiff and the public as possessing special knowledge, skill and/or expertise

as an insurance agent, knowledgeable in the field of insurance

and that he

negligently breached his duty to the Plaintiff in that he failed to perform his activities according to the standard of his profession by continually failing to advise the Plaintiff as to the availability of increased limits of uninsured motorist protection and underinsured motorist protection, and failed to explain to the Plaintiff the benefits of increasing the limits of an [sic] uninsured and underinsured motorist protection.

The basis for his claim is not simply that Swaringen failed to give him written notice of the availability of increased uninsured motorist coverage, but also that he failed to advise him of the benefits of such coverage.

■ Our supreme court has held that a licensed insurance agent must exercise reasonable care, skill and diligence in carrying out his duties in procuring insurance.

The principle involved here is simply that a person who holds himself out to the public as possessing special knowledge, skill or expertise must perform his activities according to the standard of his profession. If he does not, he may be held liable under ordinary tort principles of negligence for the damage he causes by his failure to adhere to the standard.

*Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 398, 682 P.2d 388, 403 (1984). Rejecting the reasoning of an earlier court of appeals decision in *Nowell v. Dawn–Leavitt Agency,* 127 Ariz. 48, 617 P.2d 1164 (App.1980), which would have limited an insurance agent's liability to those situations where the agent received separate consideration for his services or where the relationship was such that the agent appreciated that there was a duty to give comprehensive advice, the court concluded:

Insurance agents cannot be considered as professional without assuming the responsibilities and duties generally associated with such a status. One of those responsibilities is to exercise that degree

of care ordinarily to be expected from others in their profession.

*Id.* As we read *Darner,* a negligence action may lie against an insurance agent whose failure to exercise "that degree of care ordinarily to be expected from others in their profession" results in damage to his client. *Id.* The action is not created by statute, but rather arises from the common law.

■ The issue then is whether the enactment of § 20–259.01(B) created a separate cause of action. Contrary to the assertions of INA, we believe that it does not. The statute does not alter the elements of a negligence action; rather, it delineates the standard of care to be applied in a particular fact situation. *Cf. Ontiveros v. Borak,* 136 Ariz. 500, 667 P.2d 200 (1983). Accordingly, because counts one and two of the complaint do not allege a cause of action based upon a liability created by statute, they are not subject to the one-year statute of limitations set forth in § 12–541(3), but are governed by the two-year limitation on negligence actions. A.R.S. § 12–542.

■ Applying a two-year limitation period to counts one and two, we nevertheless find that the action is barred. We reject Villagrana's contention that the cause of action did not accrue until he contacted his present attorney in August of 1987. In Arizona, a cause of action for negligence does not accrue until a plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she has been injured by the defendant's negligent conduct. *Kenyon v. Hammer,* 142 Ariz. 69, 688 P.2d 961 (1984); *Sato v. Van Denburgh,* 123 Ariz. 225, 599 P.2d 181 (1979). The discovery rule applies to the facts which give rise to the cause of action, not to the legal significance of such facts. If the law were otherwise, the statute would not begin to run until a plaintiff consults an attorney who recognizes that there is a cause of action. In this case, the relevant facts are the defendants' alleged negligent conduct in failing to offer additional uninsured motorist coverage and the resulting damage following Villagrana's collision with an uninsured driver while insufficient-

ly insured. At the very latest, Villagrana had actual knowledge of all the relevant facts at the time he executed the release and trust agreement with INA in January of 1985. Since his present lawsuit was not filed until April of 1988, counts one and two are barred by the statute of limitations. A.R.S. § 12–542.

■ Count three alleges a breach of the insurance contract. Villagrana argues that this claim is governed by the six-year statute of limitations governing contract actions, citing our decision in *Transnational Ins. Co. v. Simmons,* 19 Ariz.App. 354, 507 P.2d 693 (1973). *Transnational* merely holds that a claim for uninsured motorist coverage under the terms of an insurance policy is governed by the six-year limitation rather than the two-year period. No claim was made in that case that the plaintiff was entitled to coverage other than as set forth in the policy.

Villagrana's argument appears to be that the penalty for noncompliance with § 20–259.01(B) ought to be the imposition, as a matter of law, of coverage equal to the amount of liability coverage as a term of the insurance contract, citing a line of cases from Minnesota. From that, he reasons, the six-year limitation applies to actions based on a breach of a term of the contract imposed by law, citing *Woodward v. Chirco Construction Co.,* 141 Ariz. 514, 687 P.2d 1269 (1984). In so arguing, Villagrana misapprehends the source of the defendants' obligation. The defendants' obligation to notify an insured of the availability of additional uninsured motorist coverage is not created by the contract between the parties, but rather by statute. While it may be that the appropriate remedy for failing to comply with the statute is the imposition of uninsured motorist coverage in an amount equal to liability coverage, the obligation to provide such coverage does not arise out of the contract between the parties; it results from the breach of the agent's duty to his client. *Cf. Barmat v. John and Jane Doe Partners A–D,* 155 Ariz. 519, 747 P.2d 1218 (1987). Thus, while count three purports to state a claim in contract, it is in substance nothing more than a restatement of the tort claim. Ac-

cordingly, as discussed above, it is barred by the two-year statute of limitations.

The order of the trial court granting summary judgment on count two of Villagrana's complaint is affirmed. The order denying INA's motion for summary judgment on counts one and three is vacated, and the cause is remanded with directions to enter judgment in favor of INA. INA's request for attorneys' fees is denied.

LIVERMORE, P.J., and
LACAGNINA, C.J., concur.