800 P.2d 585

**INSURANCE CO. OF NORTH AMERICA dba INA Insurance, a Delaware Corporation, Petitioner/Cross–Real Party in Interest/Cross Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF SANTA CRUZ; Honorable Roberto C. Montiel, a Judge Thereof, Respondents,**

and

**Ernesto VILLAGRANA, an unmarried man; Clyde Swaringen and Jane Doe Swaringen, husband and wife, Real Parties in Interest/Cross–Petitioners/Real Parties in Interest.**

No. CV–89–0330–PR.

Supreme Court of Arizona, En Banc.

Nov. 1, 1990.

Murphy, Goering, Roberts & Holt, P.C. by Michael F. McNamara, Tucson, for petitioner/cross-real party in interest/cross-petitioner.

Busby, McCracken & Bell, P.C. by James G. Busby, Tucson, for real parties in interest/cross-petitioners/real parties in interest.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

Petitioner Ernesto Villagrana (Villagrana) and Cross–Petitioner, Insurance Company of North America (INA), seek review of the court of appeals' decision in *Insurance Company of North America v. Superior Court*, 162 Ariz. 499, 784 P.2d 705 (Ct.App.1989). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and granted review pursuant to 17B A.R.S.Civ.App. P.R., Rule 23.

### II. ISSUE

We granted review of the petition[1] to resolve the following issue:

What limitations period applies to an insured's cause of action against an insurer for the insurer's failure to offer increased uninsured motorist coverage to the insured pursuant to A.R.S. § 20–259.01(B)?

### III. FACTS

On 21 December 1983, Villagrana purchased an INA automobile insurance policy through Clyde Swaringen, an independent insurance agent. The policy provided $100,000 single limit coverage for bodily injury or property damage and $30,000 single limit for uninsured motorist coverage. On 16 March 1984, Villagrana was involved in a car accident with an uninsured motorist and suffered serious injuries. He filed a claim with INA, and on 24 January 1985, settled with INA for the uninsured motorist coverage policy limit of $30,000.

On 20 April 1988, Villagrana sued INA and Swaringen for allegedly violating the following statute:

---

1. We also granted review of INA's cross-petition. However, the manner in which we decide the issue presented in the petition makes it unnecessary to decide the issues contained in the cross-petition. We therefore vacate as improvident the order granting review of the cross-petition.

Every insurer writing automobile liability or motor vehicle liability policies, as provided in subsection A of this section shall also make available to the named insured thereunder and by written notice offer the insured and at the request of the insured shall include within the policy uninsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy.

A.R.S. § 20–259.01(B). Villagrana argued that INA failed to provide him written notice of his option to purchase additional uninsured motorist coverage in an amount equal to his liability limits. He claimed he was entitled to recover an additional $70,-000, the amount of coverage which should have been made available to him pursuant to the statute.

Villagrana's complaint set forth three counts: (1) negligence; (2) negligent breach of statutory duty; and (3) breach of contract. Villagrana filed a motion for partial summary judgment as to liability on counts two and three, which the trial court denied. INA filed a counter-motion seeking judgment on the entire complaint, claiming all three counts were based on a liability created by statute and barred by the expiration of the one-year statute of limitations. *See* A.R.S. § 12–541(3). The trial court granted INA's motion on negligent breach of a statutory duty. INA filed a petition for special action in the court of appeals, arguing that the trial court erred in denying INA's motion for summary judgment on the negligence and breach of contract counts. Villagrana responded by challenging the trial court's grant of summary judgment on count two and seeking affirmative relief on counts one and three.

The court of appeals affirmed the trial court's grant of summary judgment on count two, vacated the trial court's order denying INA's motion for summary judgment on counts one and three, and entered judgment in favor of INA on all counts. The court held that all three counts were barred by the two-year statute of limitations for personal injuries under A.R.S. § 12–542. *Insurance Co. of North Amer-*

*ica,* 162 Ariz. at 501–02, 784 P.2d at 707–08. Villagrana petitions for review of the court of appeals' decision arguing, *inter alia,* that the six-year statute of limitations for contract actions applies.

## IV. DISCUSSION

We address only the breach of contract claim and, thus, whether the six-year statute of limitations applies. It is therefore unnecessary to address the shorter statute of limitations arguments. First, Villagrana contends he has a breach of contract claim because of the contractual relationship between himself and INA. Villagrana asserts that under A.R.S. § 20–259.01(B), an insurance company has a direct obligation to its insured independent of the obligations or duties an insurance agent owes his client. The court of appeals' decision that the obligation to comply with A.R.S. § 20–259.01(B) is solely the agent's duty to his client is, therefore, incorrect. Villagrana argues that, just as the agent has the obligation to comply with A.R.S. § 20–259.01(B) as part of his contract with the insurer, the insurer has that obligation as part of its contract with the insured. Thus, Villagrana maintains that his breach of contract claim is a valid cause of action that is separate and apart from, but not inconsistent with, his tort claim against INA.

We have previously addressed similar issues regarding the nature of an action involving both contractual duties and duties imposed by law. In *Woodward v. Chirco Constr. Co.,* 141 Ariz. 514, 687 P.2d 1269 (1984), we applied the six-year statute of limitations to an action based on the implied warranty of workmanlike performance and habitability because the cause of action ultimately was *based on the contract* between the two parties. *See Woodward,* 141 Ariz. at 516, 687 P.2d at 1271. The fact that the law imposes the implied warranty of workmanlike performance and habitability does not transform the duty arising out of the contract into one based on tort principles alone. *Id.* Rather, it informs buyers and sellers that the law

imputes the warranty into the contract for the construction and sale of the residence. *Id.*

█ If a duty has its roots in contract, then the undertaking to observe due care may be implied from the contractual relationship. *Rawlings v. Apodaca,* 151 Ariz. 149, 159, 726 P.2d 565, 575 (1986) (quoting *Flint & Walling Mfg. Co. v. Beckett,* 167 Ind. 491, 498, 79 N.E. 503, 505 (1906)). A breach of that duty may also constitute a tort. The common law allows the plaintiff to sue in either contract or tort. *Id.* Therefore, Villagrana's tort claims do not preclude him from pursuing an action in contract based upon duties arising from that contract.

█ Second, Villagrana argues that A.R.S. § 20–259.01(B) mandates an insurer's direct contractual obligation to an insured because, in conformity with the general rule, Arizona's insurance statutes become a part of every policy issued. *See Interinsurance Exch. of the Auto. Club of S. Cal. v. Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 373 P.2d 640, 23 Cal.Rptr. 592 (1962); *State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 Nev. 478, 488 P.2d 1151 (1971). Insurance policies must be read in light of controlling contract law or state statutes. *Calvert v. Farmers Ins. Co.,* 144 Ariz. 314, 317, 697 P.2d 707, 710 (Ct.App.1984), *vacated on other grounds,* 144 Ariz. 291, 697 P.2d 684 (1985); *Balboa Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 17 Ariz.App. 157, 159, 496 P.2d 147, 149 (1972).

█ The court of appeals adopted the general rule in the context of uninsured motorist legislation. *Evenchik v. State Farm Ins. Co.,* 139 Ariz. 453, 679 P.2d 99 (Ct.App.1984). The terms of Arizona's uninsured motorist legislation are a part of every liability policy issued in Arizona. *Id.* at 458, 679 P.2d at 104. Therefore, INA's duty to offer additional uninsured motorist coverage under A.R.S. § 20–259.01(B) became a part of the policy with its insured.

█ Third, Villagrana argues that A.R.S. § 20–259.01(B) does not create a duty that, if breached, would be imposed by law absent a contract for liability insurance. He argues that INA's statutory duty is contractual because the remedy for violation of the duty is to read the uninsured motorist coverage into Villagrana's policy by operation of law. We believe Villagrana's argument is correct.

A.R.S. § 20–259.01(B) states that an insurer shall offer the insured an amount of uninsured coverage equal to the liability limits for bodily injury. The use of the word "shall" indicates a mandatory intent by the legislature. *Bias v. Nationwide Mut. Ins. Co.,* 365 S.E.2d 789, 791 (W.Va. 1987) ("shall" in underinsured option connotates mandatory requirement for policy); *Kuchenmeister v. Illinois Farmers Ins. Co.,* 310 N.W.2d 86, 88 (Minn.1981) ("shall offer" reflects firmer legislative policy in favor of additional coverage in policy); J. Appleman, *Insurance Law and Practice* § 7406, at 355 (1976) ("shall" presumed mandatory).

When an insurer's statutory obligation to provide or offer certain coverage is mandatory, the proper remedy is to include the coverage in the policy by operation of law. *See Jablonski v. Mutual Serv. Cas. Ins. Co.,* 408 N.W.2d 854 (Minn.1987); *Moon v. Guarantee Ins. Co.,* 764 P.2d 1331 (Okla. 1988). The insured is entitled to the additional coverage, usually in an amount equal to the bodily injury liability limits of the policy,[2] whether or not the insurer assesses an additional premium for the uninsured motorist coverage. A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 2.7 (2d ed. 1990).

We find that Villagrana's breach of contract claim is appropriate to address the insurer's failure to make a mandatory of-

**2.** *See Blizzard v. State Farm Auto. Ins. Co.,* 86 Or.App. 56, 738 P.2d 983 (1987) (remedy for insurer's failure to offer uninsured motorist coverage equal to limits of liability coverage was reformation of contract); *Pollard v. Champion Ins. Co.,* 532 So.2d 838 (La.Ct.App.1988) (insured brought contract action to imply uninsured motorist coverage into policy); *Linton v. Chicago Motor Club, Inc.,* 192 Ill.App.3d 813, 139 Ill.Dec. 922, 549 N.E.2d 648 (1989) (reformation of policy action to imply mandatory coverage into insured's policy).

fering of additional uninsured motorist coverage under A.R.S. § 20–259.01 because the appropriate remedy is to make such coverage part of the contract by operation of law.

Finally, Villagrana urges this court to reverse the court of appeals and apply the six-year statute of limitations to his breach of contract claim against INA. *See* A.R.S. § 12–548. The decision as to which statute of limitations applies to an action is a matter of law. *Hall v. Romero,* 141 Ariz. 120, 127, 685 P.2d 757, 764 (Ct. App.1984).

The court of appeals held that the two-year limitations period for personal injuries barred Villagrana's breach of contract claim. The court stated:

> The defendants' obligation to notify an insured of the availability of additional uninsured motorist coverage is not created by the contract between the parties, but rather by statute. While it may be that the appropriate remedy for failing to comply with the statute is the imposition of uninsured motorist coverage in an amount equal to liability coverage, the obligation to provide such coverage does not arise out of the contract between the parties; it results from the breach of the agent's duty to his client. *Cf. Barmat v. John and Jane Doe Partners A–D,* 155 Ariz. 519, 747 P.2d 1218 (1987). Thus, while count three purports to state a claim in contract, it is in substance nothing more than a restatement of the tort claim.

*Insurance Co. of North America,* 162 Ariz. at 502, 784 P.2d at 708. The court of appeals' holding appears to rely on our decision in *Barmat,* which stated in part:

> Where, however, the duty breached is not imposed by law, but is a duty created by the contractual relationship, and would not exist "but for" the contract, then breach of either express covenants or those necessarily implied from them sounds in contract.

*Barmat,* 155 Ariz. at 523, 747 P.2d at 1222. We believe the court of appeals erred by not applying the six-year statute of limitations.

The general rule is that the statute of limitations applicable to contracts governs actions based on insurance policies. *Transnational Ins. Co. v. Simmons,* 19 Ariz.App. 354, 507 P.2d 693 (1973); A. Widiss, *Uninsured and Underinsured Motorist Insurance* §§ 7.7, 16.7, 42.7 (2d ed. 1990); 54 C.J.S. *Limitations of Actions* 49, at 85 (1987). Courts do not favor the statute of limitations defense. If there is substantial doubt as to which limitations period governs, the longer period should be applied. *Hall,* 141 Ariz. at 123, 685 P.2d at 760; *Drug, Cosmetic & Beauty Trades Service, Inc. v. McFate,* 14 Ariz.App. 7, 480 P.2d 30 (1971); 18 S. Williston, *A Treatise on the Law of Contracts* § 2020 (3d ed. 1978).

If a complaint can be construed as being either in tort or contract, it is presumed to be in contract whenever the statute of limitations would bar the action if it were construed as being in tort. 54 C.J.S. *Limitation of Actions* § 50, at 86 (1987); *see also Woodward v. Chirco Constr. Co.,* 141 Ariz. 520, 524, 687 P.2d 1275, 1279 (Ct.App.1984). When the issue involves procedural law only, courts are liberal in allowing the plaintiff to choose and, thus, in upholding the action in tort or contract. W. Prosser & W. Keeton, *The Law of Torts* § 92, at 666 (5th ed. 1984). When a tortious wrong also amounts to a breach of contract, and the plaintiff sues for the breach, his contract remedy is not barred merely because his tort remedy is barred. Annotation, *What Statute of Limitations Governs Action By Contractee For Defective Or Improper Performance Of Work By Private Building Contractor,* 1 A.L.R.3d 914, 916–17 (1965). *See also Woodward,* 141 Ariz. 520, 687 P.2d 1275 (1984).

We hold that the six-year statute of limitations applies to an insured's breach of contract action against an insurer for allegedly failing to make the mandatory offering of additional uninsured motorist coverage under A.R.S. § 20–259.01(B). It is unnecessary to determine when the six-year limitation period begins to run because, even if it began running when the policy

was issued, Villagrana brought suit before the limitations period expired.

## V.  CONCLUSION

The six-year statute of limitations applies to Villagrana's breach of contract claim under A.R.S. § 20–259.01(B).  The court of appeals' decision granting summary judgment on the breach of contract claim is vacated and this matter is remanded to the trial court for proceedings not inconsistent with this opinion.

*CONCURRING:*

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.