863 P.2d 254

**Edward KOWSKE, a widower, individually as surviving spouse of decedent Rosalie Kowske, as Personal Representative of the Estate of Rosalie Kowske, and for and on behalf of statutory beneficiaries James Edward Kowske, Michelle F. Brent, and Carol Ann Kowske, Plaintiffs/Appellants,**

v.

**LIFE CARE CENTERS OF AMERICA, INC., a Tennessee corporation, dba Life Care Center of Sierra Vista; Cochise Orthopaedic Surgeons, P.C., an Arizona corporation; Charles R. Cobb, M.D., and Jane Doe Cobb, husband and wife; William C. McCormick, D.O., and Jane Doe McCormick, husband and wife; Jane Doe Pellowski and John Doe Pellowski, husband and wife; Gertrude Basgall and John Doe Basgall, wife and husband, Defendants/Appellees.**

No. 2 CA–CV 92–0087.

Court of Appeals of Arizona,
Division 2, Department B.

March 31, 1993.

Redesignated as Opinion and Publication Ordered May 26, 1993.

Review Denied Dec. 15, 1993.*

Redesignated as Opinion and Publication Ordered May 26, 1993.

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Michael Riikola, Phoenix, for plaintiffs/appellants.

Kimble, Gothreau & Nelson, P.C. by David F. Toone, Tucson, for defendants/appellees Life Care Centers of America and Pellowski.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendants/appel-lees Cochise Orthopaedic Surgeons, P.C., Cobb and McCormick.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Alphus R. Christensen, Tucson, for defendants/appellees Basgall.

## OPINION

DRUKE, Presiding Judge.

The primary issue in this appeal is whether the two-year statute of limitations applicable to a medical malpractice action is tolled until plaintiffs' counsel secures an expert opinion of malpractice. We hold that it is not, based upon the undisputed facts presented by this case. Our review of this question of law is de novo. *United Bank of Arizona v. Allyn*, 167 Ariz. 191, 805 P.2d 1012 (App.1990).

Rosalie Kowske was a nursing care patient at Life Care Centers of Sierra Vista (Life Care). She died there on October 12, 1987. An autopsy was performed the following day by Dr. Guery Flores, who stated the following in his November 18 letter to the surviving spouse, Edward Kowske:

> I have received and reviewed the medical records on your wife, Rosalie Kowske. After careful review I have found no signs of misdiagnosis or mistreatment of your wife. The autopsy revealed nothing significant in this regard either.
>
> I am returning the medical records to you. Please feel free to take them to another physician for a second opinion. A copy of the autopsy report is enclosed as you requested.

Mr. Kowske and his daughter Carol conferred with a Tucson attorney during April and May 1988, and provided him with Mrs. Kowske's medical records. He requested that the records be reviewed by Sue Smid, R.N., who advised him on June 23, 1988, that it was her opinion that Mrs. Kowske received substandard nursing or medical care prior to her death. Within two years of that date, the Tucson attorney filed the

medical malpractice action giving rise to this appeal.[1]

Life Care moved to dismiss the complaint based on the two-year statute of limitations for medical malpractice actions. *See* A.R.S. § 12–542. The motion was joined by the other defendants, and plaintiffs filed their response, attaching as exhibits the autopsy report, Dr. Flores's letter, and the affidavits of the Tucson attorney and Ms. Smid. The motion to dismiss was granted. We treat it as a motion for summary judgment because the trial court's minute entry reflects that it considered plaintiffs' response which, as noted above, included "matters outside the pleadings...." *See* Rule 12(c), Ariz.R.Civ.P., 16 A.R.S.

■ A.R.S. § 12–542 bars a medical malpractice action which is not "commenced and prosecuted within two years after the cause of action accrues...." Although the word "accrues" is not statutorily defined, it has been judicially defined as that date "when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct...." *Mayer v. Good Samaritan Hospital,* 14 Ariz.App. 248, 252, 482 P.2d 497, 501 (1971). This so-called "discovery rule" has been applied to a great variety of situations. *See Kenyon v. Hammer,* 142 Ariz. 69, 76 n. 6, 688 P.2d 961, 968 n. 6 (1984). Its application in this case, plaintiffs contend, results in the tolling of the statute of limitations until the Tucson attorney received Ms. Smid's expert opinion on June 23, 1988. It was not until then, they argue, that they "knew or by the exercise of reasonable diligence should have known" of defendants' malpractice, and because they filed their cause of action within two years of that date, it was not time barred. We disagree.

As we said in *Insurance Company of North America v. Superior Court in and for County of Santa Cruz,* 162 Ariz. 499, 502, 784 P.2d 705, 708 (App.1989), *vacated in part on other grounds,* 166 Ariz. 82, 800 P.2d 585 (1990), "[t]he discovery rule applies to the facts which give rise to the cause of action, not to the legal significance of such facts." In this case, the facts giving rise to plaintiffs' cause of action had all been discovered within days of Mrs. Kowske's death; only their legal significance required further evaluation.

Plaintiffs contend, however, that that legal evaluation necessarily includes obtaining an expert's opinion of malpractice in a non-obvious medical malpractice action such as theirs. They argue that such an action does not accrue until that opinion is obtained, because without it, the attorney would be precluded from filing the action under Rule 11(a), Ariz.R.Civ.P., 16 A.R.S., it would be unethical to do so under ER 3.1, 3.2, and 3.4, Ariz.R.Prof.Conduct, Rule 42, Ariz.R.Sup.Ct., 17A A.R.S., the action would be subject to summary judgment under Rule 56, Ariz.R.Civ.P., 16 A.R.S., and it would be unprovable under A.R.S. § 12–563(A). While this may be so, these are not grounds for tolling the statute of limitations. Counsel's opinion that a cause of action is meritorious is not determinative of when it accrues. "If the law were otherwise, the statute [of limitations] would not begin to run until a plaintiff consults an attorney who recognizes that there is a cause of action." *Insurance Company of North America,* 162 Ariz. at 502, 784 P.2d at 708. Moreover, in this case, it is clear that a cognizable cause of action existed on June 23, 1988, a date well within the two years following Mrs. Kowske's death, and yet, inexplicably, the action was not filed within two years of that date notwithstanding ample time to do so. Under such circumstances, it was barred by A.R.S. § 12–542 and summary judgment was properly granted. *See Sato v. Van Denburgh,* 123 Ariz. 225, 599 P.2d 181 (1979) (action filed after two year statute of limitations was barred where plaintiff advised of accountant's negligence during those two years).

■ Plaintiffs' final contention is that the application of A.R.S. § 12–542 to non-obvious medical malpractice actions denies such claimants equal protection under Article 2, § 13, of the Arizona Constitution

---

1. The action was filed on June 18, 1990. Shortly thereafter, plaintiffs' present counsel was substituted as counsel of record for the Tucson attorney.

because, as plaintiffs assert on page 15 of their opening brief, "[c]laimants in non-obvious cases must obtain expert testimony to prove the elements of a medical malpractice claim as stated in A.R.S. § 12–563 and under the common law requirement." We reject this assertion.

As to A.R.S. § 12–563, we find nothing in the statute which either expressly or implicitly imposes a requirement for such expert testimony solely upon non-obvious medical malpractice actions, and not upon obvious ones. A.R.S. § 12–563 simply sets forth the following elements of proof required for *any* health care action:

1. The health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances; and

2. Such failure was a proximate cause of the injury.

As to plaintiffs' assertion of a "common law requirement," they cite no authority for one and we know of none. We therefore conclude that because plaintiffs are within a class whose members are treated alike, and reasonable grounds exist for such classification, the equal protection clause is satisfied. *Wilson v. Industrial Com'n of Arizona*, 147 Ariz. 261, 709 P.2d 895 (App.1985).

Affirmed. Defendants' request for attorney's fees on appeal is denied.

FERNANDEZ and HATHAWAY, JJ., concur.