862 P.2d 906

**Richard JIMENEZ, Plaintiff/Appellant,**

v.

**Sam LEWIS, John R. Hallahan, Capt. John Rillos, Investigator Pachnowski, Arizona Department of Corrections, et al., Defendants/Appellees.**

No. 2 CA–CV 93–0231.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 28, 1993.

Richard Jimenez, in pro. per.

Grant Woods, Atty. Gen. by Ronald M. Andersen, Phoenix, for defendants/appellees.

*OPINION*

LIVERMORE, Presiding Judge.

Plaintiff Richard Jiminez brought this suit under 42 U.S.C. § 1983 on October 25, 1991, alleging constitutional violations in a prison disciplinary proceeding that terminated in June 1987. He now appeals a dismissal based on the two-year statute of limitations in A.R.S. § 12–542. We affirm.

Plaintiff's complaints center on the procedures followed and the penalties imposed in the disciplinary proceeding. Both procedures and penalties were known to plaintiff at the time of the proceeding. Plaintiff contends, however, that he did not discover his right to bring a legal action until 1990. "The discovery rule applies to the facts which give rise to the cause of action, not to the legal significance of such facts." *Insurance Co. of North America v. Superior Court*, 162 Ariz. 499, 502, 784 P.2d 705, 708 (1989), vacated on other grounds, 166 Ariz. 82, 800 P.2d 585 (1990). We believe that principle equally applicable to the provision of A.R.S. § 12–502(B) that one imprisoned has the statute tolled until he "discovers the right to bring the action or with the exercise of reasonable diligence

should have discovered the right to bring the action." While discovery of "the right to bring the action" could be interpreted expansively to mean knowledge of legal rights, we can discern no reason why the legislature would want the statute to run against law-abiding persons ignorant of the legal significance of known facts but not against imprisoned criminals similarly ignorant. We, therefore, reject the apparently contrary construction in *Vaughan v. Grijalva*, 927 F.2d 476 (9th Cir.1991). See generally *Zuck v. State*, 159 Ariz. 37, 764 P.2d 772 (App.1988).

Affirmed.

LACAGNINA and HATHAWAY, JJ., concur.