57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph Edwin HARJU, Plaintiff-Appellant,
v.
Brian DUNCAN, Sgt.; Raymond Oberg, Defendants-Appellees.
 No. 94-16821.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph E. Harju, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for the defendants in Harju's action under 42 U.S.C. Sec. 1983 and Title III of the Omnibus Crime Control and Safe Streets Act ("Wiretap Act"), 18 U.S.C. Secs. 2510-2520. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Harju contends that the district court erred by holding that the statute of limitations barred his claim that defendants violated his rights by taping a phone call made after his arrest. This contention lacks merit.
 
 
 4
 State law determines both the statute of limitations and the application of tolling provisions for 42 U.S.C. Sec. 1983 actions. Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995). In Arizona, the statute of limitations period for personal injury claims is two years, Ariz.Rev.Stat. Sec. 12-542 (1990), and the limitations period is tolled for prisoners until the prisoner "discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action," Ariz.Rev.Stat. Sec. 12-502(B) (1990); Jimenez v. Lewis, 176 Ariz. 533, 533-34 (Ariz.Ct.App.1993).
 
 
 5
 Here, the telephone call was taped on April 13, 1987 and Harju filed this action on August 16, 1991. On April 21, 1987 the tape was played before the grand jury. In addition, prior to Harju's September 1987 trial, his attorney successfully moved to suppress the tape. Because Harju "should have discovered the right to bring the action" by September 1987, the statute of limitations was not tolled, and Harju's action is barred by the statute of limitations.
 
 
 6
 Harju's claim under the Wiretap Act is likewise barred by the statute of limitations. The statute of limitations for civil recovery under the Wiretap Act is two years from the date the claimant "first has a reasonable opportunity to discover the violation." See 18 U.S.C. Sec. 2520(e); Trimble, 49 F.3d at 585 n. 1 (claim under the Wiretap Act was barred by statute of limitations because plaintiff "had a reasonable opportunity to discover the taped conversation when it was admitted at his trial"). Because Harju had "a reasonable opportunity to discover" that his phone call had been taped by September 1987, Harju's Wiretap Act claim is barred by the statute of limitations. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3