910 P.2d 6

**Robert VEGA, Plaintiff–Appellant,**

v.

**Gregg MORRIS; Dr. Paul Kelly; Madison Street Jail; the County of Maricopa; the Maricopa County Sheriff's Office; Sheriff Tom Agnos (his Designee or Successor in Office); and the Maricopa County Board of Supervisors, Defendants–Appellees.**

No. CV–95–0287–PR.

Supreme Court of Arizona,
En Banc.

Jan. 25, 1996.

Levenbaum & Cohen by Warren G. Levenbaum, Phoenix, for Plaintiff–Appellant.

Richard M. Romley, Maricopa County Attorney by Gordon J. Goodnow, Jr., Phoenix, for Defendants–Appellees.

FELDMAN, Chief Justice.

Gregg Morris (Defendant) seeks review of a court of appeals' opinion holding that under A.R.S. § 12–502(B), a prisoner's period of disability ends when such prisoner discovers or reasonably should have discovered the right to bring the action, not merely the injury or conduct creating the cause of action. *Vega v. Morris*, 183 Ariz. 526, 531, 905 P.2d 535, 540 (App.1995). We granted review to resolve a conflict between two court of appeals' opinions. *See* Ariz.R.Civ.App.P. 23(c)(4). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

## FACTS AND PROCEDURAL HISTORY

On June 28, 1989, Robert Vega was sent to Maricopa County Jail. At the time he entered, he had a cast on his right leg to protect an ankle that had been operated on just before his incarceration. Because Vega was required to shower in jail, he was given a plastic bag to keep his cast dry. The bag proved ineffective in protecting the cast, which became wet and remained that way for several days. Over the course of several weeks, Vega was seen by prison medical personnel, including Defendant, who examined his leg and cast and prescribed various treatments to address an infection that developed. The treatments did not control the infection, which proved to be gangrene allegedly caused by the wet cast, and Vega ultimately required a series of five reconstructive surgeries to repair the damage caused to his foot. These surgeries took place between August 8, 1989, and February 11, 1992, during which time Vega remained a prisoner.

On March 3, 1993, Vega filed suit against various individuals, including Defendant. All defendants moved to dismiss the suit pursu-

ant to Ariz.R.Civ.P. 12(b)(1), (2), and (6), alleging Vega's claim was barred by the statute of limitations. The trial judge granted the motion and dismissed Vega's complaint with prejudice on April 11, 1994.

Vega appealed, arguing in the court of appeals that the trial court incorrectly applied the tolling provision of A.R.S. § 12–502(B). The court of appeals agreed, concluding that A.R.S. § 12–502(B) applies to a prisoner's discovery of his right to sue, not to his discovery of the injury or conduct giving rise to that right. *Vega,* 183 Ariz. at 531, 905 P.2d at 540. This conclusion is contrary to *Jimenez v. Lewis,* 176 Ariz. 533, 862 P.2d 906 (App.1993), which held that the disability of imprisonment ceases when the prisoner discovers the conduct giving rise to the cause of action. We granted review.

### DISCUSSION

■ Defendant relies on *Jimenez* to support his argument that under A.R.S. § 12–502(B), the statute begins running when the prisoner discovers the conduct giving rise to the action. We disagree.

■ Arizona follows the discovery rule, under which a cause of action for damages like those sustained by Vega accrues when the plaintiff knows or reasonably should have known of a defendant's negligent conduct. *Sato v. Van Denburgh,* 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979); *see also Kowske v. Life Care Centers,* 176 Ariz. 535, 537, 863 P.2d 254, 256 (App.1993). Thus, the action is barred two years after the date of discovery. A.R.S. § 12–542(1); *Sato,* 123 Ariz. at 227, 599 P.2d at 183; *Kowske,* 176 Ariz. at 537, 863 P.2d at 256. Before its amendment in 1984, former A.R.S. § 12–502 established an absolute disability for prisoners, providing that "the period of such disability shall not be deemed a portion of the period limited for commencement of the action." The 1984 amendment changed that absolute disability to a qualified one. Since 1984, A.R.S. § 12–502(B) has provided that:

> If a person entitled to bring an action ... is *at the time the cause of action accrues* imprisoned, the period of such disability shall exist only until such time as the

person imprisoned *discovers the right to bring the action* or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first, and such person shall have the same time after the disability ceases to exist which is allowed to others.

(Emphasis added.) Significantly, the legislature maintained a distinction between when "the *cause of action* accrues" and when the prisoner "discover[s] the *right to bring* the action." A.R.S. § 12–502(B) (emphasis added). We do not believe this distinction was coincidental.

■ We agree with the court of appeals that generally "the legislature does not include in statutes provisions which are redundant, void, inert, trivial, superfluous, or contradictory." *Vega,* 183 Ariz. at 530, 905 P.2d at 539. The manner in which the legislature used the two distinctive phrases within the same sentence of the statute persuades us that it did not wish to condition termination of a prisoner's disability on discovery of the conduct giving rise to the injury. The contrary interpretation adopted in *Jimenez* would equate the end of the disability period with the date of accrual under the discovery rule, thus rendering A.R.S. § 12–502(B) essentially meaningless.

The court in *Jimenez* could "discern no reason why the legislature would want the statute to run against law-abiding persons ignorant of the legal significance of known facts but not against imprisoned criminals similarly ignorant." 176 Ariz. at 534, 862 P.2d at 907. We believe the *Jimenez* court may have overlooked one possible explanation for statutes such as § 12–502(B), which historically created a disability for minors and incompetents as well as prisoners. *See* Civil Code of 1901, § 2970 and amendments thereto; Historical Note to A.R.S. § 12–502(B). As the United States Supreme Court has noted, like minors and incompetents, inmates who have valid civil actions for injuries "may not have a fair opportunity to establish the validity of their allegations while they are confined." *Hardin v. Straub,* 490 U.S. 536, 544, 109 S.Ct. 1998, 2003, 104 L.Ed.2d 582 (1989). Because of this, such persons—prisoners, minors, and persons

who are insane—are given protection under A.R.S. § 12–502 because historically, the legislature may have believed it would be "inequitable to hold persons under such disabilities to strict time limitations for filing legitimate claims." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 159, 871 P.2d 698, 706 (App.1993).

■ We believe the *Vega* court properly examined the text of § 12–502(B) in light of its history and purpose. 183 Ariz. at 529–530, 905 P.2d at 538–39. We also agree with its conclusion that a prisoner's period of disability ends when the prisoner discovers or reasonably should discover the right to bring the action. *Id.* at 531, 905 P.2d at 540, and authorities cited therein. A "right" is a legally enforceable claim of a person against another. *See* RESTATEMENT OF CONFLICTS § 42b (1934); *Schmitt v. Jenkins Truck Lines, Inc.*, 149 N.W.2d 789, 792 (Iowa 1967). Rights can be either substantive or remedial, and one of the "indispensable qualities of a legal right is certainty the state will recognize its existence and aid in its enforcement." *Schmitt*, 149 N.W.2d at 792. "If the person asserting a claim can say with certainty it will be not only recognized but rendered effective by the courts, he has a legal right." *Id.* Thus, it is not the prisoner's awareness of the facts surrounding the conduct or injury that ends the disability but, rather, awareness of the legal right or capacity to assert an enforceable claim that the courts recognize and will aid in enforcing.

Of course, once imprisonment ends, a former prisoner no longer benefits from § 12–502(B)'s tolling effect. The former prisoner has only that time of limitation remaining that is allowed all other plaintiffs to commence an action, without regard to whether the right to bring the action has been or reasonably should have been discovered. Thus, the statute of limitations begins running when the incarcerated prisoner discovers or reasonably should have discovered the right to bring the action, or upon the prisoner's release from prison, whichever first occurs.

The county also urges this court to make the factual determination of whether Vega delayed filing his complaint because he feared retaliation by prison officials. We decline. Our resolution of a prisoner's disability pursuant to § 12–502(B) is dispositive of the present appeal, and we need not explore this issue. Moreover, whether Vega knew of his right but nevertheless delayed in bringing his claim is a factual determination for the trial court to decide.

## DISPOSITION

The court of appeals' opinion is approved. The conflicting opinion in *Jimenez v. Lewis*, 176 Ariz. 533, 862 P.2d 906 (App.1993), is hereby disapproved. The case is remanded to the trial court for further proceedings consistent with this opinion.

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.