103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOHONO O'ODHAM NATION, Plaintiff-Appellant,
v.
Emilio G. DUTARI, husband; Marilyn Dutari, wife; Todd W.
Seaton, a single man; James J. Rutledge, a single man; R.
Norman Gill, a single man; Meadowood Ranch, Inc., a Texas
corporation, Defendants,
and
Bank One, Texas, N.A., a national banking association;
Bonnett Resources Corporation, an Ohio corporation;
Boswell-Fowler Title & Abstract, a Texas partnership; First
Interstate Bank, an Arizona bank, Defendants-Appellees. (Two Cases)
 Nos. 96-15276, 96-15574.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 21, 1996.
 
 Before: CHOY, REAVLEY,* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 After discovering its accountant had embezzled nearly $3 million of tribal funds, the Tohono O'odham Indian Nation ("Nation") filed the instant action against various corporations and individuals involved with the handling of those funds. The district court dismissed with prejudice the Nation's claims against four corporate defendants ("appellees"), entered summary judgment in favor of two of them, and awarded attorney's fees to three of them. The Nation has appealed from those rulings. We affirm all but the award of attorney's fees.
 
 
 3
 * The district court held that the Nation's failure to assert its claims against the corporate defendants until more than two years had passed rendered those claims untimely under both Arizona and Texas law. The Nation argues, inter alia, that the doctrine of sovereign immunity precludes the application of a limitation period against the Nation. Alternatively, the Nation contends that its claims were timely filed, either under federal law, which has a three-year limitation period, or under Arizona's two-year time period, because of tolling. We reject each of these arguments.
 
 
 4
 There is a fundamental difference between a foreign sovereign appearing in the role of defendant in a forum not of its choosing, and its appearance as a plaintiff in a forum it has selected. See Guaranty Trust Co. v. United States, 304 U.S. 126, 134 (1938) ("By voluntarily appearing in the role of suitor [a sovereign] abandons its immunity from suit and subjects itself to the procedure and rules of decision governing the forum which it has sought."). See also Mescalero Apache Tribe v. Jones, 411 U.S. 145, 147-49 (1973) (limited sovereign immunity of Indian nation does not preclude off-reservation application of nondiscriminatory state laws "otherwise applicable to all citizens of the State").
 
 
 5
 While the Nation may raise the doctrine of sovereign immunity as a shield to avoid being dragged into a foreign court as a defendant without its consent, it cannot willingly enter a foreign court as a plaintiff, drag a non-sovereign defendant into that court, and refuse to be bound by the same rules as the defendant, particularly where the matter being sued upon is a run-of-the-mill commercial dispute bearing no relationship to such traditional tribal matters as Indian land claims. See, e.g., Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)).
 
 
 6
 We also find no merit to the Nation's contention that the federal three-year limitation period for tort claims should apply. See 28 U.S.C. § 2415(b) ("[E]very action for money damages brought by the United States ... which is founded upon a tort shall be barred unless the complaint is filed within three years."). Where, as here, the jurisdictional basis is diversity of citizenship, 28 U.S.C. § 1332, the relevant limitation period is that of state law, not federal law. See Guaranty Trust Co. v. York, 326 U.S. 99, 110-11 (1945); Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir.1993). The use of the phrase "every action" in section 2415 does not overturn Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny. Cf. County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 240-41 (1985) (rejecting application of state statutory limitation period in favor of federal limitation period under section 2415 because basis for Indian claims was federal common law).
 
 
 7
 We also reject the Nation's argument that Arizona's two-year limitation period should have been tolled until March 1994, when an audit first disclosed the embezzlement.[1] See Ariz.Rev.Stat. § 12-542. This two-year time limit begins to run "after the cause of action accrues[.]" Id. A cause of action is deemed to accrue when a plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that it has been injured by the defendant's wrongful conduct. Vega v. Morris, 184 Ariz. 461, 463, 910 P.2d 6, 8 (Ariz.1996) (medical malpractice); Reed v. Mitchell & Timbanard, 183 Ariz. 313, 317, 903 P.2d 621, 625 (Ariz.Ct.App.1995) (legal malpractice); Angus Med. Co. v. Digital Equip. Corp., 173 Ariz. 159, 162, 840 P.2d 1024, 1027 (Ariz.Ct.App.1992) (tortious breach of contract); Davis v. Cessna Aircraft Corp., 168 Ariz. 301, 303 n. 1, 812 P.2d 1119, 1121 n. 1 (Ariz.Ct.App.1991) (products liability).
 
 
 8
 The Nation failed to have its own books independently audited until 1994, nearly six years after its receipt of the $60 million settlement in 1988. This was almost two and one-half years after its accountant's first, and eighteen months after his last act of embezzlement. Moreover, the Nation placed at its helm a chief financial officer whom the Nation knew lacked any experience in such financial matters. In addition, the Nation knowingly allowed the one person who handled the Nation's day-to-day financial affairs to bring under his control all other matters involving the handling of the Nation's money, without requiring anyone else to double-check what he was doing. As a result, the Nation utterly failed to examine the very things, e.g., bank statements and Funds Transfer Advice notices, that would have alerted it to the accountant's wrongdoing. Finally, and even after the Nation's belated discovery of the embezzlement in March 1994, it failed to bring any legal action against the appellees for another ten months (eleven months in the case of First Interstate Bank).
 
 
 9
 We conclude that the district court did not err by rejecting each of the Nation's arguments against the running of the limitation period.[2]
 
 II
 
 10
 The district court based its award of attorney's fees on the following facts: (1) Section 25(c) of the ranch purchase agreement provides for attorney's fees; (2) Arizona law allows for recovery of attorney's fees in actions "arising out of a contract," Ariz.Rev.Stat. § 12-341.01(A); and (3) while most of the Nation's claims against the appellees sounded in tort, the Arizona Supreme Court has held that a tort action may be deemed to "aris[e] out of a contract" for purposes of awarding attorney's fees where there is a causal link between the tort claim and the underlying contract. Marcus v. Fox, 150 Ariz. 333, 335-36, 723 P.2d 682, 684-85 (Ariz.1986); Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (Ariz.), cert. denied, 459 U.S. 1070 (1982).
 
 
 11
 Regardless of whether the Nation's tort claims fairly may be said to have "aris[en] out of a contract," we believe that it would be inequitable to charge the Nation with the other side's attorney's fees when the underlying contract providing therefor was entered into by an embezzling accountant without the Nation's knowledge or consent. Accordingly, the award of attorney's fees will be set aside.
 
 CONCLUSION
 
 12
 The district court's dismissal with prejudice of the Nation's claims against the appellees is AFFIRMED. The award of attorney's fees is VACATED. Each side will bear its own costs on appeal.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find no error in the district court's conclusion that the Nation's claims are time-barred under both Arizona and Texas law, we assume without deciding that the Nation is correct in its assertion that Arizona law rather than that of Texas should apply
 
 
 [2]
 In light of our ruling on the question of the applicability of the statutory limitation period(s), we decline to discuss the arguments concerning summary judgment