**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, | No. 08-17244 |
| Plaintiff - Appellant, | D.C. No. CV-04-00118-SMM |
| v. | MEMORANDUM [*] |
| MARKET FINDERS INSURANCE CORPORATION, a Kentucky corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

Plaintiff Scottsdale Insurance Co. appeals the entry of summary judgment in

favor of Defendant Market Finders Insurance Corp. in this diversity action. On de

novo review, LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1130 (9th Cir.

2009), we affirm in part, reverse in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court properly granted summary judgment to Defendant on the claim that Defendant breached the duty of good faith and fair dealing. Plaintiff neither alleged, nor introduced evidence of, any bad faith on Defendant's part. See Deese v. State Farm Mut. Auto. Ins. Co., 838 P.2d 1265, 1268 (Ariz. 1992) (describing the legal requirements for a breach of the duty of good faith and fair dealing).

2. The district court erred by granting summary judgment to Defendant on the claim that Defendant breached its obligation to underwrite the insurance policy with reasonable care. Defendant had a duty to underwrite the insurance policy with reasonable care arising from the parties' agency agreement. See Robertson v. Sixpence Inns of Am., Inc., 789 P.2d 1040, 1044 (Ariz. 1990) ("The existence of a duty is a question of law to be determined by the court."); Restatement (Third) of Agency § 8.08 (2005) (describing the duty of reasonable care arising in an agency relationship); cf. Webb v. Gittlen, 174 P.3d 275, 279 (Ariz. 2008) ("[I]nsurance agents . . . owe only a duty of 'reasonable care, skill, and diligence' in dealing with clients."). Evidence in the record supports Plaintiff's theory that Defendant breached that duty by, for instance, failing to follow up to determine whether Dr. Dinius had other tail coverage, whether he committed acts that could result in later claims after the previous claims-made insurance policy ended, and whether he

2

should be enrolled in the Indiana Compensation Fund. We cannot say that, drawing all inferences in favor of Plaintiff, a reasonable juror would necessarily conclude that Defendant underwrote the insurance policy with reasonable care. See Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).

3. The district court erred by granting summary judgment to Defendant on the issues of causation and damages. Considerable evidence does support Defendant's theory that the failure to enroll Dr. Dinius in the Indiana Compensation Fund may not have caused damage to Plaintiff. But, drawing all inferences in favor of Plaintiff, we cannot say that a reasonable juror could not conclude that the failure damaged Plaintiff in some measure. Id. In particular, we note that, had Dr. Dinius been enrolled in the Fund, a reasonable juror could conclude that the Fund would have contributed some amount toward the settlement, particularly because Dr. Dinius was the physician in charge of anesthesiology on the date in question. Whether, and to what extent, the failure to enroll Dr. Dinius caused Plaintiff economic injury are questions for the jury.

4. The district court correctly applied the six-year statute of limitations to Plaintiff's claims, because those claims arose out of its contractual relationship with Defendant. See Ariz. Rev. Stat. § 12-548 (stating the six-year statute of limitations for actions arising from a contract); Woodward v. Chirco Constr. Co.,

3

687 P.2d 1269, 1271 (Ariz. 1984) (holding that, where "the cause of action based on the implied [term] was based on the contract," the six-year limitation applies); cf. Barmat v. John & Jane Doe Partners A-D, 747 P.2d 1218, 1221-22 (Ariz. 1987) (holding that, for purposes of a statute concerning attorney fees, the relevant inquiry about the nature of a claim is whether the legal duty would exist "but for" the contract).

**AFFIRMED in part, REVERSED in part, and REMANDED.** The parties shall bear their own costs on appeal.