52 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas N. WILLIAMS, Plaintiff-Appellant,
v.
Theodore JOLLEY, et. al., Defendants-Appellees.
 No. 94-15549.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1994.*
Decided April 10, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas N. Williams, an Arizona state prisoner, appeals pro se the district court's: (1) grant of summary judgment for the defendants in his 42 U.S.C. Sec. 1983 action for deliberate indifference to serious medical need; (2) dismissal of Williams' claim against defendant Baker as time barred; and (3) denial of Williams' motion for appointment of counsel. We affirm.
 
 
 3
 Williams' claim arises out of a 1990 prison accident in which Williams suffered an injury to his right middle finger. Williams contends that the defendants were deliberately indifferent to his serious medical needs, but the record demonstrates the contrary. Williams received regular medical treatment for his injury and he offers no proof that the defendants purposefully ignored or failed to respond to his medical needs arising from his injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). Viewing the evidence in the light most favorable to Williams, the most that can be found is that Williams has demonstrated a difference of medical opinion between himself and the prison doctors. Such a difference of opinion does not rise to the level of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Summary judgment for the defendants is thus appropriate.
 
 
 4
 Williams also contends that the district court erred in finding his claim against Baker to be time barred. However, state law provides the statute of limitations for Sec. 1983 actions, Trimble v. City of Santa Rosa, No. 9415567, 1995 WL 94674, at 2 (9th Cir. Feb. 21, 1995) and Arizona's limitation period for personal injury actions is two years. Ariz.Rev.Stat.Ann. Sec. 12-542 (1992). Williams was injured in 1990 and did not file his complaint until 1993. Williams' assertion that the running of the limitation period was tolled until he had knowledge of his right to bring an action is unconvincing. Jimenez v. Lewis, 862 P.2d 906, 906-907 (Ariz.Ct.App.1993), expressly rejected such an expansive interpretation and held that Ariz.Rev.Stat.Ann. Sec. 12-502(B) tolls the limitations period until plaintiff discovers "the facts which give rise to the cause of action, not to the legal significance of such facts."
 
 
 5
 Williams contends that applying Jimenez to his case is improper and that even if such an application were proper, his claim should be remanded for a determination of when he "discovered" his legal right. Under Arizona law, the presumption against a retroactive application of a new legal principle may be overcome by balancing the following factors: (1) whether the new principle overrules clear and reliable precedent or was not foreshadowed; (2) whether a retroactive application will further or retard the legal principle, and (3) whether a retroactive application will produce substantially inequitable results. Hartford Acc. & Indem. Co. v. Aetna Cas., 792 P.2d 749, 756 (Ariz.1990). Because the statute of limitations in Williams' case is governed by state law and Arizona had not previously addressed the specific issue in question, Jimenez does not overrule clear and reliable precedent. Applying Jimenez to Williams' case only furthers the purpose behind the Jimenez ruling. Finally, while Williams will fail in his claim against Baker as a direct result of applying Jimenez, Williams stands in no worse position than any other Arizona citizen in similar circumstances. See Jimenez, 826 P.2d at 907. The district court did not err in finding Williams' claim against Baker to be time-barred.
 
 
 6
 Finally, Williams contends that he had a right to an appointed counsel. The district court may appoint counsel to aid an indigent plaintiff pursuant to 28 U.S.C. Sec. 1915(d) upon a showing of exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Williams offered no evidence of exceptional circumstances. The district court's denial of Williams' motion for appointment of counsel was not in error. We AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3