Argued and submitted December 6, 1978, affirmed on defendant's
appeal; partially reversed on cross-appeal July 12,
petition for rehearing denied July 31, 1979

NEWMAN et al,
*Respondents/Cross-Appellants,*

v.

TUALATIN DEVELOPMENT CO., INC.,
*Appellant/Cross-Respondent.*

(No. 37-142, SC 25528)

597 P2d 800

Edward J. Murphy, Jr., of Wheelock, Niehaus, Hanna & Murphy, Portland, argued the cause for appellant/cross-respondent. On the briefs was Dennis H. Quade, Portland.

Robert W. O'Connor, Tigard, argued the cause and filed the briefs for respondents/cross-appellants.

Willard E. Fox, of Allen, Stortz, Barlow, Fox & Susee, Salem, filed the brief amicus curiae on behalf of Oregon State Home Builders Association.

Before Denecke, Chief Justice, and Tongue, Bryson,* and Linde, Justices.

DENECKE, C. J.

---

*Bryson, J., did not participate in this decision.

## DENECKE, C. J.

The defendant appeals from an order certifying this proceeding as a class action. Plaintiffs are purchasers of townhouses built and sold by the defendant. The plaintiffs alleged that galvanized water pipes installed by defendant in connection with the construction of the townhouses were deteriorating. They sought damages on the basis of expressed and implied warranties and negligence. We affirm the certification of the proceeding as a class action.

ORS 13.220 is entitled, "Requirement for class action; when maintainable." It provides, in part:

"(1) One or more members of a class may sue or be sued as representative parties on behalf of all only if:

"(a) The class is so numerous that joinder of all members is impracticable; and * * *."

Defendant contends requirement (a) was not satisfied.

The Oregon statute is identical to Rule 23(a)(1), as amended, of the Federal Rules of Civil Procedure. The wording of the original Federal Rule 23 assists in understanding the Oregon statute. Rule 23 originally spoke in terms of persons "so numerous as to make it impracticable to bring them all before the court." The Federal Rule was changed and joinder was used as in the Oregon statute. The Oregon statute and present federal rule do not use joinder in the technical sense; that is, in the sense of what parties and causes of action can be joined together in one lawsuit. The statute and rule assume the parties can all be plaintiffs in the one lawsuit, but permit class actions instead of multiple-party actions when as a matter of efficient judicial administration it is impracticable to have the multiple parties all before the court.

Several factors determine practicability. The number of parties is the most persuasive factor when the numbers are large. Ten thousand parties, obviously, would be impracticable to process through a lawsuit.

■ Defendant argues that the numbers involved here are small because the evidence is that only "several" owners have been damaged. That assertion is misleading. The trial court found, and the evidence supports its finding, that at least 125 townhouse owners had to replace the galvanized pipe. This is evidence that these owners were damaged because of the deterioration of the pipe. There will be a substantial number of claimants.

After reviewing the decisions, one author states, "but the plaintiff whose class numbers in the 25 to 30 range should have a reasonable chance of success on the basis of number alone." 1 Newberg, Class Actions, 174 (1977). The numbers alone in this case support the trial court's finding of impracticability.

■ ORS 13.220 also provides that a class action is maintainable when "(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class." Defendant contends this requirement has not been satisfied. Under the identical Federal Rule that test has been, "a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of members and his or her claims are based on the same legal theory." 1 Newberg, *supra,* at 174. We adopt this test for the Oregon statute.

■ The claims of all plaintiffs arise from defendant's sale of townhouses in the same location with a combination of copper and galvanized pipe which plaintiffs contend is particularly susceptible to deterioration due to electrolysis. All plaintiffs are pursuing the same legal theories. On these bases we conclude that the claims of the named plaintiffs are typical of the class.

■ One of the considerations prescribed by statute for determining whether a class action should be denied is, "[a]fter a preliminary hearing or otherwise, the determination by the court that the probability of sustaining the claim or defense is minimal." ORS 13.220(2)(c)(F). Defendant contends plaintiffs' chances

of success are minimal because the contract between the purchasers and defendant provided for the installation of the combination of copper and galvanized pipe and plaintiffs had an opportunity to inspect the property before purchase and construction.

This is not an appropriate time to determine whether plaintiffs are entitled to prevail. However, from the evidence considered and the state of the law, plaintiffs' chances of prevailing do not appear so minimal that they should be precluded from proceeding as a class action.

■ In reviewing the trial court's determination that a proceeding shall or shall not be conducted as a class action, it must be remembered that this is largely a decision of judicial administration; that is, how the trial shall proceed. In making such decisions the trial court is customarily granted wide latitude.

The federal courts of appeal have granted federal district judges that latitude in determining whether the proceeding can be conducted as a class action:

> "The determination of whether an action can be maintained as a class action, and particularly whether a class action is the 'superior' method of resolving the controversy, is one which is peculiarly within the discretion of the trial judge." *Becker v. Schenley Industries, Inc.,* 557 F2d 346, 348 (2d Cir 1977).

We also grant the trial courts wide latitude in this regard. The order of the trial court certifying this proceeding as a class action is affirmed.

■ The trial court ruled that the townhouse owners who purchased their property from someone other than defendant were not proper members of the class. Plaintiffs cross-appeal from this ruling.

The action was by these nonprivity owners on the theories of implied warranty and negligence. By its holding, the trial court necessarily ruled that the nonprivity owners could not prevail on

either theory. We hold the nonprivity owners can prevail if they can prove the defendant was negligent. If the plaintiffs prevail on that theory whether they can also prevail on the theory of implied warranty becomes moot.

In *American Insurers v. Bessonette,* 235 Or 507, 384 P2d 223, 385 P2d 759 (1963), the tenant of a warehouse constructed for the warehouse owner by defendants brought an action for damages for warehoused groceries which were damaged because of the defendant's negligence in constructing the warehouse. The defendant "claimed that even though the privity of contract doctrine may not apply to manufacturers and the like, it should apply to building contractors." In response the court held: "We think such a distinction cannot be justified." 235 Or at 509.

In *State ex rel Western Seed v. Campbell,* 250 Or 262, 442 P2d 215, *cert den* 393 US 1093, 89 S Ct 862, 21 L Ed2d 784 (1969), we held a nonprivity buyer of personal property could hold a remote seller for negligence in selling defective goods. Mr. Justice O'Connell, concurring and dissenting in part in that decision, summarized the state of Oregon law of liability for negligent sale of personal property:

> "Immediate and remote sellers are liable for property damage resulting from negligence in selling a defective product. * * *" 250 Or at 276.

Most recently, in *Beri v. Salishan Properties, Inc.,* 282 Or 569, 580 P2d 173 (1978), we considered whether a transferor of real property was liable in negligence to a nonprivity transferee:

> "It therefore appears that if defendants breached their duty [to use due care] to prospective lessees by failing to investigate and discover the unsuitability of this land for building lots, the plaintiff assignees were foreseeable members of the class to whom that duty was owed, and the harm they suffered could have been prevented by any of the several possible courses of action to which the discovery might have led. The complaints of those plaintiffs who are

assignees of original lessees do not fail to state a cause of action." 282 Or at 582.

We did state just before the quoted paragraph:

"* * * In fact, those plaintiffs who are assignees of the original leases have alleged in their complaints that they leased their lots as a result of direct dealings with Salishan Properties or its agents." 282 Or at 582.

We did not consider this direct dealing, however, in holding the subsequent lessees could sue the original lessor.

■ We know of no reason why the ambit of liability for negligence in the transfer of real property should be limited by privity of contract. In the present case, as in *Salishan Properties,* it was foreseeable that those buying from defendant would in turn be selling to others and the alleged harm to these nonprivity owners would have been prevented if the defendant used due care. The nonprivity plaintiffs should not have been eliminated from the class.

The trial court ruled that privity plaintiffs could not rely upon the theory of express warranty. The plaintiffs also cross-appeal from this ruling.

The plaintiffs alleged that the defendant expressly warranted that the townshouses would have copper plumbing throughout, whereas, they were built with a combination of copper and galvanized plumbing. The parties assume that the trial court excluded the theory of express warranty because it requires proof of reliance upon the warranty by the plaintiffs and this in turn requires proof of the state of mind of each individual in the class.

In *Bernard v. First Nat'l. Bank,* 275 Or 145, 550 P2d 1203 (1976), we held that a class action was not maintainable because individual determinations would have to be made of what knowledge the borrowers had of the bank's method of computing interest. Likewise, in the present case it would appear that

individual determinations of reliance would be required. The result would be that common questions of fact would not predominate over questions affecting individual members of the class. ORS 13.220(2)(c).

Plaintiffs contend individual determinations will not be required because direct evidence of reliance is not necessary. All that is required is proof that "the seller's statements were of a kind which naturally would induce the buyer to purchase the goods and that he did purchase the goods." 1 Williston, Sales, § 206 (1948).

Plaintiffs contend that the warranty was made in a sales brochure given to all purchasers. Even if plaintiffs can prove the brochure was given to all members of the class in this case, that would not establish that every member of the class read, was aware of, and relied upon each of the representatins in the brochure. The brochure made statements about many features of the townhouses, - various floor plans, vaulted ceilings, color-matched kitchen appliances, brick-enclosed courtyards, etc. The water pipes and their composition is a relatively minor component.

We do not hold that an express warranty is never an appropriate subject for a class action adjudication or that the issue of reliance always requires individual determination. However, here, the alleged express warranty is such a small part of the item purchased and the representation is interspersed with many other descriptive statements.

We hold that reliance upon the express warranty is not proved merely by evidence that the warranty was contained in a sales brochure given to all class members. Inasmuch as reliance in this case would have to be individually determined, the trial court was correct in ruling a class action could not be brought upon the theory of express warranty.

Affirmed on defendant's appeal; partially reversed on cross-appeal.