Argued and submitted October 26 at Reynolds High School, Troutdale,
reversed and remanded December 27, 2006

Greg BUNNELL
and Cami Bunnell,
*Appellants,*

*v.*

DALTON CONSTRUCTION, INC.,
*Respondent.*

DALTON CONSTRUCTION, INC.,
*Third-Party Plaintiff,*

*v.*

NORTHWEST PLASTERING SYSTEMS, INC.,
an Oregon corporation;
JBC Roofing, LLC,
an Oregon limited liability company;
Greg Dewolf, sole proprietor,
dba Dewolf Custom Homes;
North American Metals, Inc.,
an Oregon corporation,
dba West Coast Gutter Service;
and Custom Masonry,
an Oregon corporation,
*Third-Party Defendants.*

C033658CV; A126778

149 P3d 1240

Meagan A. Flynn argued the cause for appellants. With her on the briefs was Preston Bunnell & Flynn, LLP.

Dan R. Schanz argued the cause for respondent. With him on the brief were James Lawler and Spooner & Much, P.C.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

.

## LANDAU, P. J.

Plaintiffs appeal a judgment dismissing their negligence claim against defendant, the builder of plaintiffs' home, on the ground that the claim is for purely economic loss that is not recoverable in the absence of a special relationship between the parties. We reverse and remand.

The relevant facts are not in dispute. Defendant built a home in 1997 and sold it to the Evanses. In 2003, the Evanses listed the home for sale. Plaintiffs expressed interest in purchasing the home. They retained a home inspector, who examined the premises and discovered certain defects in the installation of the siding. The expert told plaintiffs that the full extent of any damage could not be known until the siding was removed. Plaintiffs obtained several estimates of the cost to correct the problem and, on the basis of those estimates, negotiated a reduction in the purchase price of the home in the amount of $2,500. Plaintiffs ultimately purchased the home for $517,500. After moving into the home, plaintiffs discovered substantial damage caused by water leakage due to the defectively installed siding.

Plaintiffs initiated this action against defendant for breach of warranty and negligence. The complaint alleges 13 specifications of negligence, six of which relate to the installation of the siding and the remainder of which relate to defects in installation of ventilation, windows, stone flashing, and weatherproofing.

Defendant moved for summary judgment on the negligence claim on the ground that plaintiffs' damages were purely economic in nature. According to defendant, plaintiffs chose to purchase the home with full knowledge of the defects in construction. Any damages that resulted from those defects, it argued, amounted to economic harm, and claims for economic harm are not recoverable in negligence in the absence of a special relationship between the parties that gives rise to a duty beyond the ordinary duty to avoid a foreseeable risk of harm. Because there is no such special relationship in this case, defendant argued, the claims must be dismissed. The trial court agreed, granted defendant's motion, and entered judgment dismissing both claims.

■      On appeal, plaintiffs argue that the trial court erred in dismissing their negligence claim; they do not take issue with the dismissal of the claim for breach of warranty. Plaintiffs argue that the economic loss rule is irrelevant to this case because the damage to their home was not "economic loss" in the first place. According to plaintiffs, under the Supreme Court's decision in *Newman v. Tualatin Development Co., Inc.*, 287 Or 47, 597 P2d 800 (1979), their loss is property damage, which is recoverable in negligence without proof of a special relationship. Defendant contends that *Newman* is no longer good law and, in any event, is distinguishable because, in contrast to the facts in that case, plaintiffs in this case were aware of the construction defects when they purchased the home.

Because the relevant facts are not in dispute, the remaining issues are purely legal, which we review for errors of law. *Machado-Miller v. Mersereau & Shannon, LLP*, 180 Or App 586, 589, 43 P3d 1207 (2002).

We recently held in a similar case that deterioration to the physical structure of a building because of defective construction is property damage and not "economic loss," and that the economic loss doctrine, as it has developed in Oregon, does not bar a negligence claim by a subsequent purchaser against the builder to recover damages for the costs of repairing structural damage due to defects in construction. *Harris v. Suniga*, 209 Or App 410, 423, 149 P3d 224 (2006). We concluded that our decision was largely mandated by the Supreme Court's opinion in *Newman*, in which the court held that a subsequent purchaser of a building can bring a negligence claim against the builder. 209 Or App at 420. We rejected the defendant's contention that recent decisions of the Supreme Court and this court—specifically, *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or 329, 83 P3d 322 (2004), *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992), and *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 71 P3d 574, *rev den*, 336 Or 125 (2003)—cast doubt on the continued vitality of *Newman*. 209 Or App at 420.

Defendant did not have the benefit of our opinion in *Harris* when it argued and briefed this case. But its principal

arguments are the same as those we considered and rejected in *Harris*. Defendant, however, does advance several other arguments that were not raised or addressed in *Harris*.

First, defendant asserts that, if it was negligent, and if the damage to plaintiffs' home is to be treated as property damage, that damage was not inflicted on plaintiffs, who are downstream purchasers. According to defendant, any damage was inflicted on plaintiffs' predecessor.

Defendant's argument was implicitly rejected in *Newman*, which allowed a negligence claim against the builder by a nonprivity owner. The court explained:

> "We know of no reason why the ambit of liability for negligence in the transfer of real property should be limited by privity of contract. In the present case, * * * it was foreseeable that those buying from defendant would in turn be selling to others and the alleged harm to these nonprivity owners would have been prevented if the defendant used due care."

287 Or at 53. In this case, defendant acknowledges that it was foreseeable that the home it built for plaintiffs' predecessors would be sold. Based on *Newman*, we reject defendant's contention that, as a matter of law, because the alleged negligence occurred before plaintiffs acquired the property, the damage to the property either did not damage plaintiffs or is not attributable to defendant.

■ Second, defendant asserts that this case is distinguishable from *Newman* because plaintiffs in this case were aware of the defects in the siding before they purchased the home and therefore have not suffered damage as a result of defendant's negligence. Defendant's argument is a little difficult to pin down precisely.

At one point, defendant contends that plaintiffs' knowledge of the defect is what makes the claim "a quintessential example of economic loss." In defendant's view, because "[p]laintiffs could have avoided the damages by simply not purchasing the home," the damages simply should not be considered recoverable damages to their property. At another point, defendant contends that, as a matter of public policy, a person who voluntarily acquires property with

knowledge of the property's defects should not be able to bring a claim of negligence against the builder. Defendant explains:

> "Oregon should not recognize a claim for negligent construction in regard to a homeowner who purchases a home with full knowledge of the alleged defects and at a price that reflects a reduction due to the presence of the alleged defects. A builder should not be liable in negligence for claims by subsequent purchasers who, like the Plaintiffs here, are either disappointed with the bargain that was struck with the prior owner, or are attempting to create an even better bargain for themselves by pursuing claims against a contractor after they have used the existence of the defects to their economic benefit."

Whether a plaintiff could have avoided harm might be a relevant consideration in determining comparative fault or mitigation of damages. But defendant does not explain, and we do not understand, how that fact precludes recovery *as a matter of law*. The legislature long ago abandoned contributory negligence and assumption of the risk as complete defenses. ORS 31.600; ORS 31.620. Moreover, none of the cases concerning the economic loss doctrine have identified a plaintiff's previous knowledge of the relevant facts as a consideration relevant to determining whether a given loss is "economic" as opposed to "property damage." *See Harris*, 209 Or App at 420 (surveying development of economic loss rule). Finally, and in any event, it appears to be undisputed that the full extent of the damage to plaintiffs' home was not known at the time of purchase.

We conclude that the trial court erred in granting defendant's summary judgment motion and in entering judgment dismissing plaintiffs' negligence claim.

Reversed and remanded.