Argued and submitted November 8, 2010, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings March 10, 2011

Richard ABRAHAM
and Janice Abraham,
husband and wife,
as trustees for the
Richard D. Abraham and Janice M. Abraham Trust,
*Respondents on Review,*

*v.*

T. HENRY CONSTRUCTION, INC.,
an Oregon corporation;
Stelmen Plastering, Inc.,
an Oregon corporation;
Northwest Gutter Service, Inc.,
an Oregon corporation;
Milgard Manufacturing, Inc.,
a Washington corporation;
Steve Pfenning Construction, Inc.,
an Oregon corporation;
David Farwell,
an individual,
dba David Farwell Masonry and David Oregon Farwell;
One Cut Carpentry, LLC,
fka One Cut Carpentry, Inc.,
aka Herold's Carpentry;
and Maddox Enterprise, Inc.,
an Oregon corporation,
*Defendants,*

*and*

Keith A. LUCAS,
an individual, dba Keith Lucas Development Properties,
*Petitioner on Review,*

*and*

Kevin G. MAYO,
an individual,
dba KGM Construction,
*Petitioner on Review.*

Keith A. LUCAS,
dba Keith Lucas Development Properties,
*Third-Party Plaintiff,*

*v.*

ENERGY PRODUCTS, INC.,
an Oregon corporation,
dba NW Builders Wholesale;
Ronald L. Hardy,
dba Hardy Plumbing & Heating;
JB Insulation, Inc.,
an Oregon corporation;
Kirk's Construction Unlimited,
an Oregon corporation;
Milwaukie Plumbing Co.,
an Oregon corporation,
dba MP Plumbing Co.;
Tom Pacheco,
fka Tom D. Pacheco Masonry;
and Mel Wielrich,
*Third-Party Defendants.*

(CC CV06060031; CA A136228;
SC S058073 (Control), S058101)

249 P3d 534

Matthew J. Kalmanson, Hoffman, Hart & Wagner, LLP, Portland, argued the cause for petitioners on review and filed the briefs for petitioner on review Keith A. Lucas. With him on the briefs was Janet M. Schroer. Kenneth L. Walhood,

Blunck & Walhood, LLC, West Linn, filed the briefs for petitioner on review Kevin G. Mayo.

Maureen Leonard, Portland, argued the cause and filed the brief for respondents on review. With her on the brief were Robert K. Udziela, Portland, and Lisa T. Hunt, Portland.

Cody Hoesly, Larkins Vacura LLP, Portland, and Travis Eiva, Corson & Johnson Law Firm, Eugene, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Jon Chandler, Salem, filed the brief for *amici curiae* Oregon Home Builders Association and The National Association of Home Builders.

Before De Muniz, Chief Justice, and Durham, Balmer, Kistler, Walters, and Linder, Justices.**

BALMER, J.

---

** Gillette, J., retired December 31, 2010, and did not participate in the decision of this case. Landau, J., did not participate in the consideration or decision of this case.

## BALMER, J.

This case requires us to address an issue left open in *Harris v. Suniga*, 344 Or 301, 313, 180 P3d 12 (2008): Whether a claim for property damage arising from construction defects may lie in tort, in addition to contract, when the homeowner and builder are in a contractual relationship. Plaintiffs hired defendants[1] to build their house. Plaintiffs eventually discovered extensive water damage to the house. Plaintiffs then brought this action for breach of contract and negligence, alleging that the damage was caused by defendants' faulty work and failure to comply with the Oregon Building Code. Defendants moved for summary judgment on the grounds that the contract claim was barred by the statute of limitations and that plaintiffs could not bring a negligence claim because plaintiffs did not have a "special relationship" with defendants that implicated a standard of care independent of the contract. The trial court granted defendants' motions. On appeal, the Court of Appeals held that plaintiffs' contract claim was barred by the statute of limitations but that their negligence claim could go forward because the building code provided a standard of care independent of the terms of the contract. *Abraham v. T. Henry Construction, Inc.*, 230 Or App 564, 217 P3d 212 (2009). We affirm the decision of the Court of Appeals, although we do so on somewhat different grounds.

We take the facts from the Court of Appeals opinion and the summary judgment record. Plaintiffs hired defendant Keith Lucas to be general contractor for the completion of their house, after substantial work had been done by other contractors. Plaintiffs signed a contract with Lucas that required him to perform all work "in a workmanship like manner and in compliance with all building codes and other applicable laws." Plaintiffs also contracted with defendant Kevin Mayo to do the framing for the house.[2] Plaintiffs' house was substantially complete by January 1998. More than six

---

[1] Plaintiffs brought this action as trustees of a trust that owns the house. Plaintiffs named 11 defendants—other contractors and subcontractors—but only defendants Lucas and Mayo are parties to this appeal.

[2] Plaintiffs' contract with Mayo is not in the record. The parties, however, have treated that contract as containing the same terms as the Lucas contract, at least as relevant to the issues on appeal.

years later, plaintiffs discovered extensive water damage, including rotting sheathing and framing, which they claim resulted from defects in defendants' work.[3]

Plaintiffs filed this action alleging breach of contract and negligence. Plaintiffs' negligence claim presented three overlapping grounds for relief. Plaintiffs claimed that defendants were liable (1) under common law negligence for causing reasonably foreseeable harm to plaintiffs' property; (2) under a heightened standard of care created by the "special relationship" between plaintiffs and defendants, which defendants had failed to meet; and (3) under a theory of negligence *per se* for violating the building code. Plaintiffs sought money damages for the physical damage to the house, as well as for its diminution in value. Defendants moved for summary judgment, arguing that plaintiffs' contract claim was barred by the six-year statute of limitations contained in ORS 12.080(1). Regarding each of plaintiffs' negligence theories, defendants argued that a "special relationship"—such as the one between a doctor and a patient or an attorney and a client—was required to bring a tort claim and that plaintiffs had failed to demonstrate that such a relationship existed. In a letter opinion, the trial court held that plaintiffs' contract claim was barred by the statute of limitations. The court also held that plaintiffs' negligence claim was barred by *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 71 P3d 574, *rev den*, 336 Or 125 (2003), where the Court of Appeals, on similar facts, required a "special relationship" between the contracting parties for a plaintiff to bring a negligence claim and determined that such a relationship did not exist between a homeowner and a building contractor.

Plaintiffs appealed, and the Court of Appeals affirmed the trial court's judgment on the contract claim and reversed on the negligence claim.[4] First, the court surveyed

---

[3] The statute of limitations for contract actions is six years. ORS 12.080(1). Tort claims arising out of the construction of a house must be brought within two years of the date that the cause of action accrues, but, in any event, within 10 years of the house being substantially complete. ORS 12.110; ORS 12.135. Tort claims ordinarily accrue when the plaintiff discovers or should have discovered the injury. *Berry v. Branner*, 245 Or 307, 311-12, 421 P2d 996 (1966).

[4] Plaintiffs ask this court to review the Court of Appeals decision that plaintiffs' contract claims are barred by the statute of limitations. We decline to do so.

the law governing tort claims between contracting parties and determined that plaintiffs could not bring a common law negligence action without establishing a standard of care independent of the terms of the contract. That standard of care could arise from a "special relationship" between the parties or it could be expressed in a statute or administrative rule. *Abraham*, 230 Or App at 569. The court stated that, when a contract imposes only the general obligation to take reasonable care to avoid foreseeable risks, that standard of care does not impose a tort duty independent of the contract and therefore cannot be the basis for a negligence claim. *Id.* at 568 n 2 (citing *Jones*, 188 Or App at 477).

The court then examined whether plaintiffs had shown that they were in a "special relationship" with defendants that established a standard of care independent of the contract. The court noted that parties are in a "special relationship" when one party delegates to the other the authority to make decisions for her benefit, such as a client's relationship with her attorney. The court determined that plaintiffs had not established that they had delegated responsibility to defendants to make independent decisions on behalf of plaintiffs and in plaintiffs' interest. Rather, plaintiffs had entered into an arm's-length transaction with defendants in which each party acted for its own benefit. *Id.* at 572. Accordingly, the Court of Appeals agreed with the trial court that plaintiffs and defendants were not in the kind of "special relationship" that imposed on defendants a heightened duty, the breach of which could be the basis for a tort action.

The Court of Appeals, however, did agree with plaintiffs that a statute or administrative rule could establish a standard of care independent of the contract and that plaintiffs' allegations that defendants had failed to comply with the building code, thereby causing damage to plaintiffs' property, were sufficient to state a negligence claim under that theory.[5] *Id.* at 573. The court also held that plaintiffs had

---

[5] Plaintiffs characterized their claim based on defendants' failure to comply with applicable building codes as "negligence *per se*." As the Court of Appeals correctly noted, however, negligence *per se* is not a separate claim for relief, but is simply shorthand for a negligence claim in which the standard of care is expressed by a statute or rule. *See Shahtout v. Emco Garbage Co.*, 298 Or 598, 601, 695 P2d 897 (1985) (so stating).

demonstrated that there was a genuine issue of material fact by providing an affidavit from their counsel stating that she had retained experts who would testify in support of the foregoing allegations. The Court of Appeals therefore reversed summary judgment on plaintiffs' tort claim and remanded the case to the trial court.

On review, defendants argue that the Court of Appeals erred by holding that the building code created a standard of care independent of the contract between the parties.[6] In defendants' view, a party to a contract may bring a tort claim arising out of the breach of that contract only when the parties are in a "special relationship" that implicates a standard of care independent of the terms of the contract. For the reasons set out below, we conclude that neither a special relationship nor a statutory standard of care, such as the building code, is necessary to bring a negligence claim here. In our view, plaintiffs stated a common law negligence claim based on defendants' alleged failure to exercise reasonable care to avoid foreseeable harm to plaintiffs' property. That negligence claim is not foreclosed by their contract with defendants, because the terms of the contract do not purport to alter or eliminate defendants' liability for the property damage plaintiffs claim to have suffered.

This case requires us to examine the circumstances in which harm to a person's property, caused by another, may be the basis for a contract claim or a tort claim—or both. Contract obligations are " 'based on the manifested intention of the parties to a bargaining transaction,' " whereas tort obligations are " 'imposed by law—apart from and independent of promises made and therefore *apart from the manifested intention of the parties*—to avoid injury to others.' " *Conway v. Pacific University*, 324 Or 231, 237, 924 P2d 818 (1996) (quoting *Prosser and Keeton on the Law of Torts*, § 92, 655-56 (W. Page Keeton, ed., 5th ed 1984) (emphasis in *Conway*). Because tort liability is imposed by common law negligence

---

[6] Defendant Lucas also argues that the Court of Appeals erred in holding that the affidavit submitted by plaintiffs' counsel was sufficient to establish a genuine issue of material fact and therefore preclude summary judgment. We reject that argument without discussion.

principles, that responsibility exists unless altered or eliminated by a contract or some other source of law. In *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), this court made that point with respect to common law negligence:

> "[U]nless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff."

*Id.* at 17. Thus, *Fazzolari* lays out a framework to address whether a common law negligence claim is legally cognizable even when there is a contractual relationship between the parties. In answering that question, we first consider whether plaintiffs alleged that defendants unreasonably created a foreseeable risk of harm to a protected interest, resulting in injury to plaintiffs. If so, we must determine whether the contract between the parties altered or eliminated defendants' common law duty to avoid harming plaintiffs. If it did not, then the contract does not bar plaintiffs from bringing a negligence action against defendants.

Plaintiffs assert that contractors are subject to the common law negligence standard of care. *See Harris*, 344 Or at 307 ("[A] person whose negligent conduct unreasonably creates a foreseeable risk of harm to others and causes injury to another ordinarily is liable in damages for that injury."). In *Harris*, the defendant contractor had built an apartment building for a third party, which the plaintiff later purchased. The plaintiff discovered extensive water damage caused by the defendant's faulty work and brought a negligence claim. This court concluded that physical injury to a building caused by construction defects was property damage, rather than a purely economic loss, and thus actionable in negligence. *Id.* at 312.

Defendants do not dispute that plaintiffs' alleged injury is property damage and not a purely economic loss. Defendants, however, assert that *Harris* has no bearing on the present case because the parties in that case were not in

a contractual relationship. Although we agree that one difference between *Harris* and this case is plaintiffs' contract with defendants, that difference simply means that *Harris* is not dispositive; it does not make *Harris* irrelevant. *Harris* provides at least some support for plaintiffs' argument, because in that case this court recognized a negligence claim against a builder for the same type of injury alleged by plaintiffs— damage to property resulting from construction defects. Because *Harris* recognized the same sort of negligence claim that plaintiffs now allege, under *Fazzolari*, the question here is whether plaintiffs' contract with defendants "creates, defines, or limits" that negligence claim.

The contract's reference to performing the work "in a workmanship like manner and in compliance with all building codes and other applicable laws" simply reiterated the common law negligence standard that would have applied to defendants' work in the absence of a contract. It did not "create" or "define" any duty defendants did not already have. The question then is whether that reference "limited" plaintiffs' claims against defendants.

Nothing in this court's cases suggests that, by entering into a contract, a party necessarily waives tort claims against another party to the contract. *See Estey v. Mackenzie Engineering Inc.*, 324 Or 372, 376, 927 P2d 86 (1996) (" '[A] contract will not be construed to provide immunity from the consequences of a party's own negligence unless that intention is clearly and unequivocally expressed.' ") (quoting *Transamerica Ins. Co. v. U.S. Nat'l Bank*, 276 Or 945, 951, 558 P2d 328 (1976)). Indeed, this court has long recognized that tort and contract remedies may coexist. *See Ashmun v. Nichols*, 92 Or 223, 235, 180 P 510 (1919) (so stating); *Newman v. Tualatin Development Co. Inc.*, 287 Or 47, 49, 597 P2d 800 (1979) (certifying class action against contractor by plaintiffs alleging contract and tort claims arising from construction defects). In *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992), this court summarized the case law discussing the choice between tort and contract remedies:

> "When the relationship involved is between contracting parties, and the gravamen of the complaint is that one

party caused damage to the other by negligently performing its obligations under the contract, then, and *even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract.* If the plaintiff's claim is based *solely* on a breach of a provision in the contract, which itself spells out the party's obligation, then the remedy normally will be only in contract, with contract measures of damages and contract statutes of limitation. That is so whether the breach of contract was negligent, intentional, or otherwise."

*Id.* at 106 (emphasis added).

The parties disagree as to whether *Georgetown* allows common law negligence principles to provide the "independent standard of care" that must be identified for one party to bring a tort claim against the other, when the parties are in a contractual relationship. In defendants' view, *Georgetown* requires a "special relationship" to exist between contracting parties before the negligent performance of contract obligations can be the basis for a tort claim. According to defendants, it is the nature of the relationship between the parties—such as the responsibility of one party to act for the other's benefit—that implicates an independent standard of care. Plaintiffs respond that *Georgetown* requires only that there be some applicable standard of care independent of the terms of the contract, and they argue that such a standard can derive from a "special relationship" or from some other source of law, including the common law duty to use reasonable care to avoid injury to others.

Defendants read *Georgetown* too broadly. *Georgetown* was a negligence action by an insured against its insurance carrier seeking economic damages that the insured had sustained because of the carrier's failure to use reasonable care in defending the insured. Because the plaintiff was seeking economic damages, it was *required to demonstrate a special relationship*" in which the defendant agreed to act in the plaintiff's fiduciary interest. *Id.* at 110-11. However, *Georgetown*'s general statements about the intersection of contract and tort claims, quoted above, do not turn on whether a special relationship exists, but rather require only

a standard of care that is independent of the terms of the contract. *See id.* at 110 ("[T]he pivotal question * * * is whether the allegedly negligent party is subject to a standard of care independent of the terms of the contract."). That standard could be "independent" of the contract either because a "special relationship" imposes a heightened standard of care (as in *Georgetown*) or because the common law, statutes, or administrative rules impose liability regardless of the contractual relationship between the parties. *See Boyer v. Salomon Smith Barney*, 344 Or 583, 595, 188 P3d 233 (2008) ("[O]utside source[s] of law" such as "industry standards, statutes, or regulations, could * * * provide a basis in law for liability" in a negligence action.). Furthermore, this court's case law is clear that *economic losses*, such as the ones suffered by the plaintiff in *Georgetown*, are recoverable in negligence only if the defendant is subject to a heightened standard of care, such as one arising out of a special relationship. *See, e.g., Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 160-61, 843 P2d 890 (1992) (so holding). For physical damage to real property, however, "this court's cases generally permit a property owner to recover in negligence." *Harris*, 344 Or at 310-11.

For those reasons, we agree with plaintiffs that *Georgetown* and earlier cases support the conclusion that common law negligence principles apply—notwithstanding a contractual relationship—as long as the property damage for which the plaintiff seeks recovery was a reasonably foreseeable result of the defendant's conduct. Thus, a negligence claim for personal injury or property damage that would exist in the absence of a contract will continue to exist *unless* the parties define their respective obligations and remedies in the contract to limit or foreclose such a claim. Parties may limit tort remedies by defining their obligations in such a way that the common law standard of care has been supplanted, *see Fazzolari*, 303 Or at 17 (so stating), or, in some circumstances, by contractually limiting or specifying available remedies. *See K-Lines v. Roberts Motor Co.*, 273 Or 242, 248, 541 P2d 1376 (1975) (illustrating proposition).

Defendants argue that this approach undermines the distinction between contract and tort and would permit

every breach of contract to be brought as a tort claim. Defendants are incorrect. An example will help demonstrate the difference between actions taken in the performance of a contract that can be the basis for a contract claim only, and those that may also provide a basis for a tort claim. If an individual and a contractor enter into a contract to build a house, which provides that the contractor will install only copper pipe, but the contractor installs PVC pipe instead (assuming both kinds of pipe comply with the building code and the use of either would be consistent with the standard of care expected of contractors), that failure would be a breach of contract only.[7] That is so because the contract defined the contractor's obligation to use a particular material (and no other), which the contractor then failed to do. *See Georgetown*, 313 Or at 106 (stating principle).[8] If the failure to install the copper pipe caused a reduction in the value of the house, the plaintiff would be able to recover that amount in an action for breach of contract. That would be a claim that, as this court stated in *Georgetown*, "is based *solely* on a breach of a provision in the contract[.]" 313 Or at 106 (emphasis added).

On the other hand, if the contractor installed the PVC pipe in a defective manner and those pipes therefore leaked, causing property damage to the house, the homeowner would have claims in both contract and tort. The homeowner could recover in contract both for the failure to install copper pipe and for the failure to perform the contract in a reasonably skillful manner. *See Cabal v. Donnelly*, 302 Or 115, 121-22, 727 P2d 111 (1986) (illustrating contract claim). The homeowner also would have a tort claim for property damage to the house caused by the leaking pipes if the homeowner could prove that the contractor's failure to meet the standard of care caused the property damage. *See id.* (" 'We see no reason to preclude a [home buyer] from claiming

---

[7] In *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 259 n 9, 611 P2d 1158 (1980), this court identified other situations in which a breach of contract would not give rise to tort liability, even in the context of medical malpractice, because the breach did not "fall[ ] short of generally applicable professional standards of skill and care."

[8] Whether the contractor's failure to install the contractually specified pipe was intentional or was the result of negligence, the action would, in any event, be for breach of contract. *See Georgetown*, 313 Or at 106 (so stating).

damages [from the home builder] in contract and in tort.' ") (quoting *Woodward v. Chirco Construction Co.*, 141 Ariz 514, 515-16, 687 P2d 1269, 1271 (1984)). In those circumstances, the obligation to install copper instead of PVC pipe is purely contractual; the manner of installing the pipe, however, implicates both contract and tort because of the foreseeable risk of property damage that can result from improperly installed pipes.

We now return to the terms of the contract here to determine whether plaintiffs' claim sounded in common law negligence and, if so, whether the parties' contract altered or eliminated defendants' common law obligation to avoid reasonably foreseeable harm to plaintiffs' property or modified the remedies available to plaintiffs.

The contract here provides: "All work shall be completed in a workmanship like manner and in compliance with all building codes and other applicable laws." The Court of Appeals apparently viewed that promise as implicitly incorporating the common law standard of care into the contract. In rejecting plaintiffs' argument that common law negligence principles provide an "independent standard of care," the court stated, "When a contract expressly or implicitly incorporates the general 'duty' to take reasonable measures to avoid foreseeable risks, that standard of care is not considered to impose an independent tort duty." *Abraham*, 230 Or App at 568 n 2. That determination, however, is inconsistent with this court's clear statement that if a contract "merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty," then a claim for negligence will lie. *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 259, 611 P2d 1158 (1980).

As noted, in the absence of a contractual relationship, defendants here would be subject to a common law negligence claim by plaintiffs. *See Harris*, 344 Or at 312 (contractor liable in negligence to nonprivity owner for property damage caused by construction defects). By merely reciting the obligation to build plaintiffs' house in a reasonably skilled manner and in accordance with the building code—and, by

implication, in such a way as to avoid foreseeable harm to plaintiff—defendants did nothing to supplant the common law standard of care. Nor did the terms of the contract purport to limit the type or amount of plaintiffs' damages. *See Estey*, 324 Or at 376 (tort remedies not waived absent express intent). Common law negligence principles remain an applicable standard of care, independent of the terms of the contract.

For the foregoing reasons, we conclude that plaintiffs' allegations of property damage against defendants state a claim for negligence.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.