Filed:  July 8, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON

MARK STRAWN, on his own behalf and
as representative of a class of similarly situated persons,

Petitioner on Review/Respondent on Review,

v.

FARMERS INSURANCE COMPANY OF OREGON,
an Oregon stock insurance company;
MID-CENTURY INSURANCE COMPANY,
a foreign corporation; and TRUCK INSURANCE
EXCHANGE, a foreign corporation,

Respondents on Review/Petitioners on Review,

and

FARMERS INSURANCE GROUP INC.,
a foreign corporation,

Defendant.

(CC 9908-09080; CA A131605; SC S057520 (Control), S057629)

On petition for reconsideration and motion regarding *ex parte* contacts filed June 9, 2011.*

James N. Westwood, Stoel Rives LLP, Portland, filed the petition for reconsideration for respondent on review Farmers Insurance Company of Oregon.

Kathryn H. Clarke, Portland, and Richard. S. Yugler, Landye Bennett Blumstien, LLP, Portland, filed the response to the petition for reconsideration for petitioner on review Mark Strawn.

Before De Muniz, Chief Justice, and Durham, Balmer, Kistler, Linder, and Landau, Justices.**

LINDER, J.

The petition for reconsideration is allowed; prior opinion adhered to without modification; motion regarding *ex parte* communications is denied.

Balmer, J., concurred in part and dissented in part and filed an opinion in which Landau, J., joined.

*350 Or 336, ___ P3d ___ (2011).

**Walters, J., voluntarily recused herself and did not participate in the consideration or decision of the matters on reconsideration.

LINDER, J.

The defendants in this case -- which we will collectively refer to in the singular as Farmers[1] -- have petitioned this court to reconsider its opinion affirming the trial court judgment against it for approximately $900,000 in compensatory damages and $8 million in punitive damages. *Strawn v. Farmers Ins. Co.*, 350 Or 336, ___ P3d ___ (2011). In the petition, Farmers contends that our resolution of certain state law issues violates Farmers's federal due process rights. Farmers's arguments arise principally in response to our decision. We grant reconsideration to consider them. We also address Farmers's request that we vacate our decision and rehear this case. For the reasons we explain below, we adhere to our prior opinion without modification.[2]

The circumstances that gave rise to the issues presented in this case are described more fully in our prior opinion. Briefly, Farmers was required by statute and by contract to provide personal injury protection benefits to those insured by its automobile insurance policies, covering "[a]ll reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury," up to an identified limit. ORS 742.524(1)(a). Plaintiff Mark Strawn filed a class action against Farmers, alleging that Farmers's claims

---

[1] The defendants are Farmers Insurance Company of Oregon, Mid-Century Insurance Company, and Truck Insurance Exchange.

[2] Plaintiffs moved for leave to respond to Farmers's petition for reconsideration and accompanied the motion with their response. The court has granted the motion and has considered plaintiffs' response.

1

handling process -- which reduced payments for covered medical services to the eightieth percentile of similar bills contained in a medical billing database -- breached its contractual obligations to its insureds and also constituted fraud. The trial court certified the class action, and the jury subsequently found for plaintiffs. Farmers appealed. The Court of Appeals affirmed the trial court's decision as to liability, but concluded that the punitive damages award violated the requirements of due process. On review, we rejected Farmers's arguments regarding liability, but we concluded that the Court of Appeals had erred in considering Farmers's challenge to the constitutionality of the punitive damages award.

One of the issues that we resolved in our prior opinion was whether plaintiffs had presented sufficient evidence of classwide reliance to create a jury question on plaintiffs' fraud claim. We concluded that plaintiffs had done so. Farmers's first argument in its petition for reconsideration arises from our resolution of that issue. Specifically, Farmers contends that this court altered what is required, under state law, to prove a fraud claim in a class action. According to Farmers, this court created an "irrebuttable presumption" that each member of the class relied on the misrepresentations on which plaintiffs' fraud claim was based, thus relieving plaintiffs of their burden to prove reliance on the part of individual class members. Farmers contends that this court, in creating that irrebutable presumption, departed from "settled law" in a way that violates due process by eliminating an element of fraud (reliance) in class actions that plaintiffs otherwise would have had to prove if the class members had pursued individual fraud claims.

2

Farmers's argument proceeds from an incorrect understanding of our decision. We held only that, from the evidence that plaintiffs presented, the jury *was permitted to infer* reliance on the part of individual class members. *Strawn*, 350 Or at 361 n 18 (specifically characterizing it as a "permissible inference of reliance"). We disagreed with Farmers that direct evidence of reliance by each individual class member is always required in a class action for fraud. Whether in any particular case such reliance can be inferred depends on the nature and circumstances of the misrepresentation involved. In this particular case, for the reasons we explained in our prior opinion, the evidence gave rise to a question of fact for the jury to resolve. Our analysis did not invoke a presumption at all, let alone one that Farmers was not entitled to rebut.

Neither did this court, in so holding, "unexpectedly and radically" alter state law, despite Farmers's assertion to the contrary in its petition. To support that assertion, Farmers relies on this court's prior decision in *Newman v. Tualatin Development Co. Inc.*, 287 Or 47, 597 P2d 800 (1979). Farmers reads *Newman* to require individualized proof of reliance in all class actions for fraud, as a matter of law. To be sure, the court in *Newman* concluded that classwide reliance could not be inferred on the particular set of facts involved in that case. *Newman*, however, expressly declared that it was not establishing a general rule for all class action fraud claims. *Id.* at 54 ("We do not hold * * * that the issue of reliance always requires individual determination."). Our prior opinion quoted that portion of *Newman*. *Strawn*, 350 Or at 356. Our analysis, moreover, relied on *Newman* and drew guidance from it; we merely reached a different conclusion than *Newman* reached because of the different facts presented here. *Id*. at 355-62. Contrary to

3

Farmers's assertion, we did not overrule *Newman*.[3]

Farmers asserts a second federal due process argument, as well. It contends that our conclusion that the Court of Appeals had erred in deciding Farmers's constitutional challenges to the punitive damages award is a "novel state-law procedural bar that is neither firmly established nor regularly followed." Specifically, Farmers contends that it was "novel" for this court to consider the trial court's articulated reasons for denying Farmers's motion for new trial, even though the trial court had stated its reasons orally on the record when it denied the motion, and even though the trial court had memorialized those reasons less than two weeks later in written findings of fact and conclusions of law. *See Strawn*, 350 Or at 366-69 (explaining our contrary conclusion).

Farmers's argument misses the mark for two reasons. First, it characterizes our conclusion as "novel" by assuming the answer to one of the legal questions that this court had to resolve. That question was whether the 55-day time period for hearing and determining a motion for new trial under ORCP 64 F precludes a trial court from memorializing its reasons in writing after timely determining the motion and after

---

[3] In arguing that this court altered the elements of fraud for class actions, Farmers also asserts that this court should have concluded that the class certification in this case was improper. As we pointed out in our prior opinion, however, Farmers raised no issue about the propriety of the class certification on review to this court. *Strawn*, 350 Or at 356-57 n 13 ("whatever challenges Farmers may have raised to class certification have dropped from the case; none has been raised to this court on review"). Farmers's suggestion, therefore, seeks to inject a new issue into this case -- one that is not among the issues properly before us. *See* ORAP 9.20(2) (generally, issues on review before the Oregon Supreme Court are limited to those "that the petition * * * claims were erroneously decided by" the Court of Appeals).

announcing those reasons orally on the record. We concluded that the answer was no. 350 Or at 368-69. That conclusion was not novel in the sense that it marked a change of state procedural practice or ran counter to some settled understanding. It simply was an answer to a procedural question that had not been raised or resolved before.

The second way in which Farmers's argument misses the mark is more fundamental: Our consideration of the trial court's written explanation for its timely denial of Farmers's motion for a new trial did not bar Farmers's challenge to the amount of the punitive damages award. Farmers's challenge to the amount was barred because Farmers failed to assign error to one of two independent and alternative grounds on which the trial court ruled. Specifically, Farmers failed to assign error to the trial court's ruling that Farmers had waived its right to challenge the amount of the award. The proposition that a party cannot seek reversal on appeal by challenging only one of two independent and alternative grounds for a ruling is well-settled and familiar. *See id.* at 366 (citing illustrative case). Equally important, that bar would have arisen regardless of whether the trial court had issued its later written findings and conclusions. As we explained in our prior opinion, when the trial court timely denied Farmers's motion in open court, the trial court orally explained that one ground for its ruling -- and the one that the trial court considered dispositive -- was that Farmers had waived its challenge to the amount of the punitive damages award. *See id.* at 365 (discussing and quoting trial

5

court's orally stated reasons).[4]

In short, we have reconsidered our decision in light of the points raised by Farmers in its petition. In particular, we have considered Farmers's arguments that our decision violates federal due process because it alters state law to eliminate a class action plaintiff's burden to show classwide reliance, and because it erects a novel and inconsistently applied procedural bar to Farmers's federally based challenge to the amount of the jury's punitive damages award. We conclude that neither premise is correct, and that Farmers's legal arguments therefore fail.[5]

That leaves one remaining argument that Farmers makes in its petition for reconsideration. After this case was decided, a former lawyer for plaintiffs directed a communication to some members of the court. The court then also became aware of earlier communications between that lawyer and a member of the court. In the interests of full transparency, the court disclosed those communications to all counsel in this case. Characterizing those communications as "*ex parte*" contacts, Farmers has requested that the member of the court who exchanged communications with the lawyer be recused, and that the court withdraw its prior decision and rehear the case. Farmers specifically urges

---

[4]     In its petition for reconsideration, Farmers asserts that the trial court's oral ruling did not provide "*any* rationale for its decision." (Emphasis in original.) The transcript does not bear out that assertion.

[5]     Farmers also makes additional arguments that renew positions it took in its brief to this court and that we considered in our prior decision. We have again considered those arguments, but conclude that they require no further discussion.

that the grounds asserted in its petition for reconsideration would warrant rehearing.

Given the composition of the court on reconsideration and the court's full consideration of the grounds for the petition for reconsideration, the court determines that Farmers's request for rehearing based on what it views as *ex parte* contacts is moot, or, if not fully moot, that further relief is not warranted. The court further determines that Farmers's alternative request, in its motion regarding *ex parte* communications, to stay reconsideration pending a remand to a special master or the trial court for discovery relating to alleged *ex parte* communications is unwarranted and the court denies that request.

The petition for reconsideration is allowed; prior opinion adhered to without modification; motion regarding *ex parte* communications is denied.

BALMER, J., concurring in part and dissenting in part.

I agree with the majority's decision that the *ex parte* contacts alleged in the petition for reconsideration do not constitute a basis for granting the relief that Farmers has requested. However, for the reasons previously expressed in my dissent, *Strawn v. Farmers Ins. Co.,* 350 Or 336, 370, ___P3d___, ___ (2011) (Balmer, J., dissenting), I respectfully dissent from the court's decision to adhere to its prior opinion without modification.

Landau, J., joins in this opinion.