Argued and submitted October 10, 2012, affirmed January 30, 2013

WOOD PARK TERRACE APARTMENTS
LIMITED PARTNERSHIP,
an Oregon limited partnership,
*Plaintiff-Appellant,*

*v.*

TRI-VEST, LLC,
an Oregon limited liability corporation,
*Defendant-Respondent.*

Marion County Circuit Court
10C11852; A148755

297 P3d 494

Daniel T. Goldstein argued the cause for appellant. With him on the briefs were Phillip E. Joseph, James C. Prichard, and Ball Janik LLP.

Ralph C. Spooner argued the cause for respondent. With him on the brief were Melissa J. Ward, Tom C. Spooner, and Spooner & Much, P.C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Plaintiff appeals a judgment for defendant, assigning error to the trial court's grant of defendant's summary judgment motion, which was based on the court's conclusion that plaintiff's action for negligence, negligence *per se*, and nuisance was time barred. We conclude that the trial court correctly granted summary judgment to defendant and, accordingly, affirm.

Plaintiff owns the Wood Park Terrace Apartments, an affordable housing community for families in Marion County. Defendant is the general contractor with which plaintiff contracted to construct that apartment complex. Construction began in August 1999, and plaintiff, defendant, and the project architect signed a certificate of substantial completion for the apartment complex on April 3, 2000.

In 2008, plaintiff discovered what it characterizes as "systemic catastrophic building envelope deficiencies" allegedly due to defendant's defective construction. Plaintiff filed suit for negligence, negligence *per se*, and nuisance on February 17, 2010.

Defendant moved for summary judgment, arguing that, under an accrual clause in the parties' contract, plaintiff's action was deemed to have accrued, and the statute of limitations had started to run, on April 3, 2000, the date on which, as all parties agree, the project was substantially complete. Accordingly, defendant argued, plaintiff's action was untimely under the six-year limitation period set forth in ORS 12.080(3).[1] The trial court granted defendant's motion and entered a general judgment dismissing plaintiff's complaint. Plaintiff appeals.

On appeal, plaintiff assigns error to the trial court's conclusion that the accrual clause in the parties' contract

---

[1] The parties have agreed throughout this litigation that ORS 12.080(3) provides the applicable limitation period. The trial court ruled on that basis and neither party has challenged that ruling. Although defendants do mention in a footnote that, under *Abraham v. T. Henry Construction, Inc.*, 350 Or 29, 249 P3d 534 (2011), the two-year period in ORS 12.110 may apply to claims like those that plaintiff makes in this case, defendants do not argue that they are entitled to prevail on that basis.

applied to plaintiff's negligence claims.[2] We review a trial court's interpretation of a contract for errors of law. *See Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997) (prescribing method of contract interpretation). We first examine the text of the disputed provision, in the context of the contract document as a whole, to determine whether the provision is ambiguous.[3] *Id*. If it is not, our analysis ends. *Id*. Accordingly, we turn to the text of the accrual clause.

The accrual clause is contained in paragraph 13.7.1.1 of the parties' contract. It provides:

> "As to acts or failures to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than such date of Substantial Completion[.]"

Nothing in the text of that clause suggests that the parties intended that negligence claims be excluded from its provisions. To the contrary, the clause expressly applies to "*any* applicable statute of limitations" for "*any* alleged cause of action." (Emphases added.) Moreover, the clause does not include any limiting language like, for example, a provision restricting the clause's applicability to actions arising in contract. *Cf. Sunset Presbyterian Church v. Brockamp & Jaeger*, 254 Or App 24, 29, 295 P3d 62 (2012) (applying an identical accrual clause in the parties' contract to the plaintiff's claims for negligence and negligence *per se*).

Nevertheless, plaintiff contends that, when read in context of the whole contract, the accrual clause must be read to apply only to contract claims. In support of its argument, plaintiff relies on subsection 13.4.1 of the contract—a "remedy-reservation clause"—which provides:

---

[2] Although plaintiff's operative complaint also alleges a claim for nuisance, plaintiff asserts in its brief that "[t]he only claims against [defendant] in the present lawsuit are in negligence," and thus limits its arguments on appeal to pertain only to its claims for negligence and negligence *per se*. We likewise limit our discussion to those claims.

[3] In determining whether a disputed contract provision is ambiguous, a court may consider extrinsic evidence of "the circumstances underlying the formation of [that] contract." *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006). The parties did not offer any extrinsic evidence for that purpose in this case.

"Duties and obligations imposed by the Contract Documents and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law."

Plaintiff argues that, if interpreted to apply to negligence claims, the accrual clause would operate to limit the availability of an extra-contractual remedy, that is, a remedy "otherwise * * * available by law," which the remedy-reservation clause says the contract cannot limit. To avoid that purported conflict between the two contract provisions and give full effect to both, plaintiff argues, the accrual clause must be construed to apply only to contract claims. *See Williams v. RJ Reynolds Tobacco Company*, 351 Or 368, 379, 271 P3d 103 (2011) ("The court must, if possible, construe the contract so as to give effect to all of its provisions."). Plaintiff also contends that, if the accrual clause were interpreted to apply to negligence claims, it would function as an insufficiently explicit waiver of that tort remedy.[4]

Addressing those two arguments in the order presented, we first conclude that plaintiff's remedy-reservation clause argument depends on an overly broad reading of that clause's reference to "duties, obligations, rights and remedies otherwise imposed or available by law." Plaintiff's interpretation of that clause to preclude *any* contractual limit on the parties' ability to bring a negligence claim cannot be reconciled with other contract provisions—including the accrual clause—that explicitly restrict the circumstances under which "any" claim may be brought. To harmonize those provisions, we construe the phrase "duties, obligations, rights and remedies otherwise imposed or available by law" to preserve only those rights and remedies not otherwise displaced or limited by the terms of the contract. Our interpretation gives effect to the plain language of both the remedy-reservation clause and the accrual clause, and is supported by the long-held understanding that parties are free to contractually modify extra-contractual claims and the timeframes in which to bring them. *Ristau v. Wescold, Inc.*, 318 Or 383, 388, 868

---

[4] Plaintiff makes additional arguments that we reject without discussion.

P2d 1331 (1994) (upholding the parties' general release agreement as it applied to a statutory claim for fraud in the inducement); *Hatkoff v. Portland Adventist Medical Center*, 252 Or App 210, 222, 287 P3d 1113 (2012) ("[P]arties are free to contractually limit the timeframe in which to bring a claim, and that limit will be enforced unless unreasonable."). In short, the remedy-reservation clause does not limit the accrual provisions to only contract claims, as plaintiff contends. Instead, the two clauses work in harmony to preserve the parties' right to bring tort claims, subject to the parties' contractual agreement that any negligence claim will be deemed to have accrued at substantial completion.

We also disagree with plaintiff's second contention, *i.e.*, that interpreting the accrual remedy to apply to negligence claims would amount to a determination that plaintiff had waived its right to bring that type of action. Under Oregon law, a waiver is the "intentional relinquishment of a known right." *Guardian Management, LLC v. Zamiello*, 194 Or App 524, 529, 95 P3d 1139 (2004) (internal quotation omitted). Consequently, contracts will not be construed to waive certain remedies absent a clear and unequivocal expression of that waiver. *Estey v. MacKenzie Engineering Inc.*, 324 Or 372, 376, 927 P2d 86 (1996). Plaintiff relies on those principles to argue that, if the accrual clause applies to negligence claims, it operates as a waiver that is not clear and unequivocal and therefore should not be enforced.

Again, we disagree. As we understand plaintiff's argument, it amounts to a contention that application of the accrual clause to its negligence claims operates as a *complete* waiver of any entitlement to damages for negligence. That contention fails for the simple reason that the contract did not deprive plaintiff of a negligence remedy. We acknowledge that the practical result of applying the accrual clause is that plaintiff's negligence claims are time barred. But that result stems from plaintiff's failure to timely file its claims, not from any contractual provision that deprived plaintiff of negligence remedies altogether. *Cf. Shasta View Irrigation Dist. v. Amoco Chemicals*, 329 Or 151, 162, 986 P2d 536 (1999) ([A]lthough statutes of limitations may affect a plaintiff's ability to enforce a

remedy, the running of such statutes does not extinguish a right."). Because the accrual clause does not operate as a broad waiver of negligence remedies, the contract need not have clearly and unequivocally spelled out the (nonexistent) waiver. *Cf. Abraham v. T. Henry Construction, Inc.*, 350 Or 29, 40, 249 P3d 534 (2011) ("Parties may limit tort remedies by defining their obligations in such a way that the common law standard of care has been supplanted, or, in some circumstances, by contractually limiting or specifying available remedies."); *Estey*, 324 Or at 372, 374, 378-79 (clause providing that liability was limited "to the Contract Sum" of $200 did not clearly and unequivocally express an intent to limit *negligence* liability to contract sum).

In short, the trial court correctly determined that plaintiff's claims were time barred, and the court did not err in granting summary judgment to defendants on that basis. Accordingly, we affirm.

Affirmed.