NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINNY FRANK, | No. 14-35188 |
| Plaintiff-Appellant, | D.C. No. 6:11-cv-06402-AA |
| v. | |
| CASCADE HEALTHCARE COMMUNITY, INC., agent of St. Charles Medical Center; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Minny Frank appeals pro se from the district court's summary judgment in

her 42 U.S.C. § 1983 action alleging federal and state law claims in connection

with psychiatric emergency services she received at a hospital. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and qualified immunity. *Hughes v. Kisela*, 841 F.3d 1081, 1084 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Frank's § 1983 damages claims against defendants Namanny and Macdonnell because they are entitled to qualified immunity for the alleged Fourth Amendment and Fourteenth Amendment violations. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (explaining that "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Frank's § 1983 claims against defendants Cascade Healthcare Community, Inc. (d/b/a St. Charles Medical Center), Palmer, Timms, Ryan, Violet, Huffman, Lancaster, McBride, Beutler, and Nelson because Frank failed to raise a genuine dispute of material fact as to whether these private defendants were acting under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (describing criteria used in evaluating whether a defendant is a state actor).

14-35188

The district court properly granted summary judgment on Frank's negligence per se claim because Frank failed to raise a genuine dispute of material fact as to whether defendants violated any applicable statute or rule during the provision of her medical care. *See Buoy v. Kim*, 221 P.3d 771, 779 (Or. Ct. App. 2009) (elements of a negligence per se claim under Oregon law); *see also Abraham v. T. Henry Constr., Inc.*, 249 P.3d 534, 537 n.5 (Or. 2011) ("[N]egligence *per se* is . . . simply shorthand for a negligence claim in which the standard of care is expressed by a statute or rule.").

The district court properly granted summary judgment on Frank's medical negligence and negligent infliction of emotional distress ("NIED") claims because Frank failed to raise a genuine dispute of material fact as to whether defendants breached a duty of care owed to her. *See Creasey v. Hogan*, 637 P.2d 114, 122 (Or. 1981) (medical negligence claim under Oregon law requires proof "of what is proper conduct by practitioners in the community or a similar community under circumstances similar to those which confronted the defendant"); *Simons v. Beard*, 72 P.3d 96, 103 (Or. Ct. App. 2003) (medical NIED claim under Oregon law requires that "the defendant care provider breached a specific duty to be aware of and guard against particular adverse psychological reactions or consequences to

3                                                      14-35188

medical procedures" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Frank's claim of intentional infliction of emotional distress ("IIED") because Frank failed to raise a genuine dispute of material fact as to whether defendants intended to inflict severe emotional distress on her or that defendants' conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct. *See McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995) (en banc) (requirements of an IIED claim under Oregon law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**